Irma Schaefer and Carl D. Schaefer, Plaintiffs-Appellees, v. Stephens-Adamson Mfg. Co. and Chicago Title & Trust Company, as Trustee Under Trust No. 40035, Defendants-Appellants.

**Gen. No. 48,824.**

First District, First Division.

July 2, 1962.

MacLeish, Spray, Price & Underwood, of Chicago (Cranston Spray, Robert S. Cushman, and Thomas R. Shaver, of counsel), for appellants.

Conrad G. Verges and George B. Collins, of Chicago, for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is an appeal by defendants from an interlocutory order refusing to dissolve a temporary injunction.

The principal question is the propriety of the issuance of the injunction without notice and without bond.

The complaint of plaintiffs, Irma Schaefer and Carl D. Schaefer, filed on March 16, 1962, alleges that in 1958 plaintiffs owned an interest in certain real estate located in the Village of Kenilworth; that during 1958 it was agreed by plaintiff Carl D. Schaefer that plaintiffs would convey the property to a trustee in consideration of advances by defendant, Stephens-Adamson Mfg. Co. toward the development of a machine invented by Schaefer; that under the agreement the real estate was to be held in trust as security for repayment to defendant of $90,000 of the moneys advanced, and defendant had no right to sell the property and dispossess plaintiffs unless defendant should receive a minimum of $250,000 for the property if Carl D. Schaefer should fail to repay the $90,000 on demand; and that pursuant to this agreement, defendant paid $90,000 to clear the property of an existing encumbrance, and plaintiffs remained in continuous and peaceful possession of the property.

The complaint further alleges on information and belief that the property was conveyed to defendant, Chicago Title & Trust Company, as trustee under its trust No. 40035, of which trust defendant Stephens-Adamson is the beneficiary; that the beneficial interest in the trust is the property of plaintiff Carl D. Schaefer, subject to a claim in favor of defendant Stephens-Adamson of $90,000, and certain other claims of plaintiff Irma Schaefer; and that the claim of defendant to the property is a security interest in the nature of a mortgage.

The allegations of the complaint in support of the prayer for an injunction are that a contemplated sale or transfer of the beneficial interest in said property would irreparably injure the plaintiffs "and make it difficult, if not impossible, for them to assert their

312

rights in and to said property," and unless an injunction was issued without notice, "it would be possible for Defendant Stephens-Adamson Mfg. Co. to cause an assignment of the beneficial interest to be made before a hearing could be had after notice given. That Plaintiffs should be excused from the giving of bond, as they are substantially without funds at this time."

On the day of filing of the complaint, March 16, 1962, the chancellor, upon the allegations of the complaint, without notice and without bond, entered an order directing the issuance of a temporary injunction restraining defendants from transferring the beneficial interest in the trust and from interfering with plaintiffs' possession of the property.

On May 9, 1962, defendant Stephens-Adamson answered the complaint. The material allegations of the complaint are denied. It is affirmatively alleged that plaintiffs' conveyance of the property in 1958 was an unqualified sale of their entire interest therein; that subsequently the property was leased by the trustee to plaintiff Carl D. Schaefer, which lease was still in effect; that the only agreement between defendant and plaintiff Carl D. Schaefer was that he could purchase the property at any time upon payment of $90,000, the initial investment therein, plus all expense thereafter incurred in connection therewith; that no offer to purchase the property upon these terms had ever been made; and that by virtue of this transaction, defendant Stephens-Adamson was the sole and absolute owner of the beneficial interest in the property. Plaintiffs' reply denies these affirmative allegations.

On May 9, 1962, defendant Stephens-Adamson moved to dissolve the temporary injunction. The motion alleges that the allegations of the complaint were insufficient to warrant issuance of the temporary injunction without notice and without bond; that defendant Stephens-Adamson had entered into a con-

tract, whereby it agreed to sell the property for $115,000 and to deliver possession on May 1, 1962; that as a result of the issuance of the temporary injunction, the sales contract was breached, and defendant Stephens-Adamson was liable for damages of approximately $9,000.

At the hearing on the motion to dissolve, a witness for defendant Stephens-Adamson testified that it had invested a total of $121,088 (including the interest on its original investment) in the property and was liable for damages of approximately $9,250 under the contract of sale, and that plaintiff Carl D. Schaefer was still in possession of the property. Plaintiffs introduced no testimony or other evidence at the hearing.

Defendant Stephens-Adamson contends that plaintiffs' complaint wholly fails to meet the test prescribed by section 3 of the Injunction Act (Ill Rev Stats 1961, c 69, § 3) for the issuance of an injunction "without notice," or the test prescribed by section 9 for the issuance of an injunction "without bond."

 The requirement of notice under the statute is mandatory, and the provision permitting dispensing with notice under certain circumstances is to be strictly construed. In the absence of facts showing good cause for dispensing with notice, no temporary injunction should be issued without notice. To test the necessity for issuance of an interlocutory injunction without notice, the court must ask whether, in the time required to procure the defendant's appearance, the defendant could and would do that which would seriously obstruct the power of the court to deal justly and effectively with the issue in dispute. An interlocutory injunction must stand or fall on the pleadings as they existed at the time the order was entered. 21 ILP, Injunctions, § 124.

██ ██ To obviate the necessity of giving notice, a mere possibility that the giving of notice of the ap-

plication for injunction might produce or enhance mischief is not sufficient. (Crown Bldg. Corp. v. Monroe Amusement Corp., 326 Ill App 430, 62 NE2d 32 (1945).) Caution and circumspection must be the watchwords to guide the court's action, and any doubts as to the wisdom of issuance must be resolved against the action. When an injunction is issued without notice in a case where notice should have been given, this court will reverse the order upon that ground, without regard to any other question. Skarpinski v. Veterans of Foreign Wars of United States, 343 Ill App 271, 274, 98 NE2d 858 (1951).

Examining the allegations of the complaint in the light of the above rules, we find no facts alleged which would justify the use of this extraordinary remedy without notice. Plaintiffs were in actual and exclusive possession of the premises, claiming an equitable interest which was sufficient to charge a prospective purchaser with notice of all legal and equitable claims of plaintiffs. (Stein v. Green, 6 Ill2d 234, 242, 128 NE2d 743 (1955); Ambrosius v. Katz, 2 Ill2d 173, 182, 117 NE2d 69 (1954).) The allegation, based on information of a contemplated sale or transfer of the beneficial interest, where plaintiffs are in open and notorious possession of a parcel of real estate, falls short of an allegation of facts "that the rights of the plaintiffs will be unduly prejudiced," which the statute requires.

An important reason for requiring caution before the issuance of the instant temporary injunction was the very serious question raised by plaintiffs' request to be excused from the giving of bond, as required by section 9 of the Injunction Act. The purpose in requiring a bond of plaintiff, where a preliminary injunction is issued, is to assure defendant that the damages will be paid in the event the preliminary injunction is later dissolved, and damages for the unlaw-

ful suing out of the injunction are assessed against plaintiff. (Atkinson Trust and Sav. Bank v. DeRoo, 332 Ill App 251, 257, 75 NE2d 46 (1947).) Although the issuance of an injunction without bond rests largely in the discretion of the court, the record must show "good cause" for the exercise of that discretion. Grossman v. Grossman, 304 Ill App 507, 513, 26 NE2d 678 (1940).

The allegation that "plaintiffs are substantially without funds at this time," affirmatively shows that if the injunction were improvidently issued, plaintiffs would be unable to respond for any substantial damages suffered by defendants. We think the immobilization of the beneficial interest of property of an alleged $250,000 value is a serious financial matter, and the allegation that plaintiffs are "substantially without funds" is "good cause" for the court to require a bond rather than "good cause" to excuse a bond.

In conclusion, and for the reasons given, we believe the temporary injunction should not have been issued without notice or without bond. Therefore, the order denying the motion to dissolve the temporary injunction is reversed and the cause remanded with directions to vacate the order of March 16, 1962, granting the temporary injunction.

Reversed and remanded with directions.

ENGLISH, J., concurs.

BURMAN, P. J., took no part.