**People of the State of Illinois, Plaintiff-Appellee, v. James Prowse, Defendant-Appellant.**

**Gen. No. 49,973.**

First District, Fourth Division.

June 10, 1966.

James J. McPolin, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and George Samels, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

CHARGE: Theft.[1]

DEFENSE AT TRIAL: Does not appear in the record.

JUDGMENT: The defendant was tried before a jury. The jury returned a verdict finding him guilty and the court sentenced him to one to ten years.

POINTS RAISED ON APPEAL:

(1) Defendant was denied his right to a speedy trial.

(2) Defendant did not waive his right to counsel.

(3) Defendant was denied his right to effective counsel.

(4) Defendant was denied constitutional due process.

STATEMENT OF FACTS: The following facts appear in the record. On October 30, 1963, the defendant was arrested, and after a preliminary hearing on November 12, 1963, was held over for the grand jury which voted a true bill on December 23, 1963.

Defendant was arraigned on December 31, 1963, and the Public Defender was appointed to represent him. Defendant's plea of not guilty was entered and the court continued the matter to January 15, 1964, on which date defendant requested a Bar Association lawyer instead of the Public Defender. The court advised defendant that if his requests were granted the delay of the trial would be charged to the defendant and the four-months statutory period would not start to run until the next continued date. Defendant acknowledged that he understood, and the case was continued to February 17, 1964. On February 17 Thomas P. Cernek was appointed to represent the defendant, and filed his appearance. The case was again continued to March 12, 1964, on order of the court, and on that date the defendant himself presented a motion to dismiss, which Attorney Cernek de-

[1] Ill Rev Stats 1965, ch 38, § 16–1.

clined to present on the ground he did not "understand the rationale" of the motion. The motion was denied and Mr. Cernek answered ready for the defendant and demanded trial. On motion of the State the case was continued to April 20, 1964; the case was advanced to March 17, 1964, when Mr. Cernek and Eloise Johnstone [who represented in the motion that she, as well as Cernek, had been appointed to defend] moved to withdraw as defendant's attorneys. The grounds for the motion were that the attorneys had thoroughly investigated the facts and circumstances and researched the law, and had numerous conferences with the defendant, advising him of his rights, the defenses available to him and the law involved, and all matters relating to his trial; "that by reason of defendant's refusal either to cooperate with counsel, or to accept the advice of counsel, it will be impossible for present counsel to represent defendant in the within matter." It was also stated by Attorneys Cernek and Johnstone that they had received a letter from the defendant asking that they withdraw as his attorneys. The following colloquy took place between the court and the defendant:

> The Court: You understand that if they withdraw, I will have to reappoint the Public Defender, and the Bar Association will not appoint other lawyers?
>
> Defendant: I can't ask for a specific attorney?
> The Court: No, you cannot.
> Defendant: Well, I will either go with a Public Defender or defend myself.

Leave was granted to Attorneys Cernek and Johnstone to withdraw, and the Public Defender was again appointed to represent defendant.

On April 20, 1964, the defendant stated to the court that he could not go to trial with Mr. Kelly of the Pub-

lic Defender's office and that he wanted another Public Defender appointed to represent him. The defendant then asked for a jury trial, and on the motion of the State and over the objection of the defendant, the case was continued to May 20, 1964. On May 20 the defendant again objected to the particular Public Defender assigned to him and requested another Public Defender or another attorney. After the court had stated that it would not appoint another attorney but that the Public Defender's office would be asked to send another Public Defender, the following exchange took place:

Defendant: Well, is he here now?

The Court: No, he is not here now, and I am not going to have them sent up so you can look them over to decide whether or not they are satisfactory.

Defendant: Well, I'm ready to go trial. I don't want to have any more continuances.

Both the People and the defendant declared themselves ready for trial and the defendant wanted a Public Defender other than Mr. Kelly. The court agreed to talk to the Public Defender's office and stated that if that office would not assign another assistant to the case the court would ask Mr. Kelly to sit with the defendant during the trial and give him any advice he might require. On May 25 the case was again called for trial and the defendant answered ready. The trial commenced and it was arranged that Mr. Kelly should remain in the court room and be available if needed. Thereafter the defendant conducted his own defense.

OPINION:

■ (1) The defendant was tried on May 25, 1964. He was arrested on October 30, 1963; the indictment was returned on December 23, 1963; and he was arraigned on December 31, 1963, at which time the Public Defender was appointed to represent defendant. On January

468

15, 1964, the defendant caused a delay to February 17, 1964, by objecting to the Public Defender and demanding an attorney from the Chicago Bar Association. The case was continued to March 12. Under the circumstances the delay was caused by the defendant. In People v. Petropoulos, 59 Ill App2d 298, 208 NE2d 323, affd, 34 Ill 2d 179, 214 NE2d 765, the court said: "Release is afforded only if delay is not occasioned by the defendant and, wisely we think, the statute does not concern itself with the reasons therefor." The defendant's counsel argues that defendant's trial was delayed by his efforts to obtain adequate counsel. There is nothing in the record which would indicate that the various counsel appointed for the defendant were not adequate and competent. The defendant himself was responsible for any delay in his trial.

■ ■ (2) The court bent over backwards as far as the defendant was concerned and the defendant, having full knowledge of all the circumstances and taking an autocratic view, waived counsel, as he had a right to do. People v. Saxton, 400 Ill 257, 79 NE2d 601. In People v. Gray, 33 Ill2d 349, 211 NE2d 369, the court held that where a defendant had permitted an appointed counsel other than a Public Defender to withdraw, he had no right to a second lawyer other than the Public Defender. He must then accept a competent attorney selected by the court, whether Public Defender or otherwise; the choice is the court's and not the defendant's.

■ (3) The defendant here argues that he refused to accept counsel openly antagonistic to him. A better statement would be that the defendant was openly antagonistic to all counsel appointed to defend him. From the record it appears that the defendant was of the opinion that a record made at the pretrial hearings was essential to his case, and that he requested both the Public Defender and his Bar Association attorney to obtain the record. The court advised the defendant that if

469

he would indicate that any witness who testified there in a manner substantially contradictory to any testimony the witness may have given in the preliminary hearing, the court would see that the records were made available to him. In People v. Morris, 30 Ill2d 406, 197 NE2d 433, it was held that the State had no constitutional duty to provide indigent persons with a free transcript of the preliminary hearing. In the instant case the defendant indicated to the court that he wished to recall a certain witness. The court asked him what the witness had testified to at the preliminary hearing that was different from his testimony on the stand, and the defendant failed to point it out. Consequently, the court properly ruled that he was not entitled to the record of the preliminary hearing.

(4) There is nothing in the record to indicate that the defendant was denied due process of law, and we think this entire matter is covered in the previous discussion in the opinion.

In this court the abstract of record and a brief were filed by an attorney appointed to handle this appeal. The defendant apparently became dissatisfied with that attorney and filed a reply brief pro se. We have carefully examined that brief and find nothing therein to change our opinion in the case.

We have nothing before us concerning the testimony presented in court with reference to the alleged crime. We are asked to reverse solely because of the points mentioned.

**DECISION:** The judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

DRUCKER, P. J. and ENGLISH, J., concur.