Raymond Miollis, d/b/a Natural Cheese Company, Plaintiff-Appellee, v. Warren D. Schneider and James B. Hillman, Defendants-Appellants.

Gen. No. 66–132.

Second District.

December 29, 1966.

George H. Schirmer, Jr., of Freeport, and Rothbart, Stein and Moran, of Chicago, for appellants.

Eckert, Schmelzle and Eckert, of Freeport, and Thomas Hart Fisher, of Chicago, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This appeal involves the propriety of orders for the issuance of temporary injunctions and the denial of the petition of the defendants to vacate such orders. The appeal attacks the injunction orders from both the procedural and substantive aspects.

On October 27, 1966, plaintiff filed his unverified complaint asking that temporary injunction issue against the defendant, Warren D. Schneider, herein called Schneider, without notice and without bond, restraining him from further violation of his employment contract with the plaintiff, dated March 1, 1946, and from any further connection with James Hillman Cheese Factory where Schneider was employed; and that such preliminary injunction be made permanent. On said date, the court ordered that temporary injunction issue "restraining . . . the defendant . . . from any further connection or employment . . . with James Hillman Cheese Factory . . . or with any other company manufacturing or curing products of Natural Cheese Company." This injunction issued without notice and without bond.

On October 31, 1966, Schneider filed a motion to dissolve this injunction in that the complaint was not verified or supported by affidavit and for other reasons. This motion was set for hearing on November 1. The record indicates that the court dissolved this injunction on October 31 and granted plaintiff leave to file an amended complaint within ten days.

The plaintiff filed an amended complaint, which was verified, on November 2, seeking the same relief, and on said date, without notice to Schneider, the court again entered an injunction order similar to that entered on October 27 and plaintiff filed bond in the sum of $1,000.

On November 2, plaintiff filed a motion, without notice to Schneider, for leave to add James Hillman, d/b/a Hillman Cheese Factory, herein called Hillman, as a party defendant, and for leave to file a second count to the

amended complaint. This motion was granted on November 7 and verified Count II of the amended complaint was filed, and therein plaintiff asked, among other things, that a temporary injunction issue immediately and without notice, restraining Hillman from any further use of secret trade processes of the plaintiff. On said date, the court, without notice to Schneider or Hillman, issued such injunction and the plaintiff filed bond in the sum of $1,000.

On November 7, Schneider filed a motion to vacate the injunction order of November 2, and on November 9, Schneider and Hillman filed a motion to dissolve the respective temporary injunctions issued against them on November 2 and November 7. The main thrust of the motions was that the injunctions issued without notice in violation of section 3 of the Injunction Act (Ill Rev Stats 1965, c 69, par 3) which provides:

> "No court or judge shall grant an injunction without previous notice of the time and place of the application having been given to the defendants to be effected thereby, or such of them as can conveniently be served, unless it appears, from the complaint or affidavit accompanying the same, that the rights of the plaintiff will be unduly prejudiced if the injunction is not issued immediately or without notice."

The motions also charged that the complaint failed to state facts warranting the issuance of the injunctions; that the writ cannot properly issue upon allegations which are mere conclusions; and that the plaintiff failed to file a copy of any agreement between Hillman and himself and failed to set forth what processes, secrets, formulas, methods of keeping and maintaining cultures, etc., and other ideas used in connection with curing and making of cheese, or various types thereof, are his sole property. These motions, which stated that both Schneider and Hillman, as well as their attorney, resided in Stephenson

424

County and were conveniently available for service, were set for hearing on November 14, and notice thereof was served on the plaintiff.

On November 9, the plaintiff served notice on the defendants that he would appear on November 14 and ask the court to enter an order reaffirming the injunctions already issued, which notice recited that it was served in compliance with section 3 of the Injunction Act. On November 14, the plaintiff filed an affidavit in support of his amended complaint.

We will first consider the propriety of the injunction orders from the procedural viewpoint, and in so doing will recur to some of the fundamental considerations which should be observed in connection with the issuance of injunctions, and particularly those designated as temporary or interlocutory.

██ An injunction is an equitable remedy, frequently described as the strong arm of equity—an extraordinary remedy to be used sparingly with judicial restraint and due continence, and only in a clear and plain case. Vulcan Detinning Co. v. St. Clair, 315 Ill 40, 43, 44, 145 NE 657 (1924); 21 ILP, Injunctions, §§ 2 and 4; 28 Am Jur, Injunctions, § 12.

██ A temporary injunction is granted before the hearing of the case on its merits for the purpose of preventing a threatened wrong or further perpetration of an injury; its purpose is not to determine any controverted right or to decide the merits of the case. 21 ILP, supra; 28 Am Jur, supra.

██ In Town of Cicero v. Weilander, 35 Ill App2d 456, 183 NE2d 40 (1962), in considering this subject, the court stated at page 468:

"Ordinarily a temporary injunction is issued for the purpose of maintaining the status quo, and it may properly issue wherever questions of law or fact to be ultimately determined are grave and difficult and

425

if the injury to the moving party will be immediate, certain and great if it is denied, while the loss or inconvenience to the opposing party will be comparatively small and insignificant if it is granted. Puterbaugh, Chancery Pleading and Practice, vol 2 sec 626 (7th ed); O'Brien v. Matual, 14 Ill App2d 173, 144 NE2d 446."

The court further pointed out that since a temporary injunction is a drastic remedy, it should be granted only under extraordinary circumstances; and that a temporary injunction which enjoins a corporate defendant from continuing its business in the ordinary course thereof, certainly did not preserve the status quo.

█ The law does not favor granting injunctions without notice and, since injunction is an extraordinary remedy, an injunction without notice is most drastic and should only issue under extreme circumstances. Streamwood Home Builders, Inc. v. Brolin, 25 Ill App2d 39, 43, 165 NE2d 531 (1960); Kelrick v. Koplin, 19 Ill App2d 301, 153 NE2d 481 (1958). In Streamwood, supra, in considering, the situations in which temporary injunction may properly issue without notice, the court stated at pages 43 and 44:

". . . The circumstances countenanced by the courts have been in very restricted areas, such as where the facts of the case, or the history of the parties, disclosed that the giving of notice would result in accelerating the very act sought to be enjoined, or where the act to be enjoined was either taking place or would be undertaken or completed in the time required for notice. A. Daigger & Co. v. Kraft, 281 Ill App 548; Mitchell v. Mitchell, 10 Ill App2d 437; Atkinson Trust & Sav. Bank v. DeRoo, 332 Ill App 251; 21 ILP, Injunctions, sec 123, et seq.

"Notice to an adversary is elemental in our system of justice. Our courts of review have insisted upon

chancery courts scrupulously observing the fundamental right of a party to be informed of the injunction proposed against him so that he may be present, if he wishes, to defend himself. Skarpinski v. Veterans of Foreign Wars of United States, 343 Ill App 271; Goldberg v. Laughlin, 137 Ill App 283."

 The primary purpose of notice of application for temporary injunction is to afford a defendant an opportunity to show that an injunction should not issue. Hoagland v. Bibb, 12 Ill App2d 298, 300, 139 NE2d 417 (1957); Schmidt v. Modern Woodmen of America, 261 Ill App 276, 283 (1931). "To test the necessity for issuance of an interlocutory injunction without notice, the court must ask whether, in the time required to procure the defendant's appearance, the defendant could and would do that which would seriously obstruct the power of the court to deal justly and effectively with the issue in dispute. An interlocutory injunction must stand or fall on the pleadings as they existed at the time the order was entered." Schaefer v. Stephens-Adamson Mfg. Co., 36 Ill App2d 310, 314, 183 NE2d 575; also see: 21 ILP, Injunctions, § 124.

In the case at bar, the court issued orders granting three separate injunctions, all without notice, even though two of such injunctions were issued after Schneider had appeared in the case. The two injunction orders appealed from must stand or fall on the pleadings as they existed at the time the orders were entered.

 The plaintiff's effort to shore up his amended complaint by an affidavit in support thereof, filed subsequent to the orders granting the injunctions, availed him nothing. Likewise his motion, filed subsequent to the issuance of the injunction orders, asking that the court reaffirm the injunctions already issued against the defendants, notice of which motion was served on defendants in an effort to comply with section 3 of the Injunc-

tion Act, as well as the court's order granting such motion, was null and void.

In addition, the allegations of the amended complaint failed to warrant the issuance of injunctions without notice. The amended complaint was based on an employment contract between Schneider and Natural Cheese Company, dated March 1, 1946, whereby Schneider agreed not to disclose plaintiff's trade secrets, etc., and not to seek or accept employment from any other person engaged in the manufacturing or processing of cheese under the trade name of "Baronet" and "Geneva Lion" or any similar type, at any place in the United States, for a period of five years after the termination of his employment with Natural Cheese Company; and whereby he agreed that upon receipt of a written statement that the agreement between C. E. Zuercher & Co., and Natural Cheese, dated October 26, 1936, had been terminated, he would terminate his employment with Zuercher or any other factory, except those manufacturing cheese other than the types above specified. However, the amended complaint failed to allege that Schneider had been notified in writing that the agreement between Zuercher and Natural Cheese Company had been terminated and failed to state the date when Schneider ceased to be employed by the plaintiff. It failed to set forth a clear legal right to injunctive relief. See: Northwestern Terra Cotta Corp. v. Wilson, 74 Ill App2d 38, 48, 49, 219 NE2d 860 (1966).

Even if we assume, while entertaining considerable doubt, that the restraint upon Schneider with reference to his trade—where the limitation as to territory is the entire United States and the time thereof is for five years—is valid (see: Bauer v. Sawyer, 8 Ill2d 351, 354, 355, 134 NE2d 329 (1956) and Vander Werf v. Zunica Realty Co., 59 Ill App2d 173, 177–179 incl., 208 NE2d 47 (1965)), the amended complaint on its face fails to reflect that Schneider has violated the contract. It does not set forth the date of the termination of his employment,

which, from all that is alleged, may have been more than five years prior to the filing of this suit.

The amended complaint alleged that Schneider breached his contract—a conclusion—by being employed by Zuercher at Hillman's and that Schneider was relating trade secrets to Hillman. However, Count II of the amended complaint stated that Hillman had been manufacturing cheese for Zuercher under an agency agreement with the plaintiff, which had been terminated; and that Hillman under such agreement had been informed of the trade secrets, processes, etc., of the plaintiff. Consequently, it would appear from plaintiff's amended complaint and Count II thereof that there would be no necessity to restrain Schneider from working for Hillman with reference to imparting such trade secrets to Hillman.

■■■ The plaintiff failed to attach to Count II a copy of his agreement with Hillman, as required by law if his action was founded thereon (Capitol Records, Inc. v. Vee Jay Records, Inc., 47 Ill App2d 468, 478, 197 NE2d 503 (1964)), and his allegations relative thereto are likewise in the nature of conclusions rather than facts. See: Skolnick v. Nudelman, 71 Ill App2d 424, 428, 429, 218 NE2d 775 (1966).

■■■■ In order to justify the issuance of injunction without notice, the sufficiency of the complaint is the test of the validity of the injunction order. The complaint must allege facts from which the chancellor can infer the need of protecting the plaintiff from undue prejudice arising from notice to the adverse party. The extraordinary character of the injunctive remedy requires that it be awarded only where the complaint shows on its face a clear right to relief. Tri Square Realty Corp. v. Bressler, 17 Ill App2d 336, 338, 339, 149 NE2d 798 (1958) ; Stenzel v. Yates, 342 Ill App 435, 440, 441, 96 NE2d 813 (1951). The amended complaint and Count II thereof failed to show on its face a right to temporary injunction without notice. From both the procedural and substantive aspects,

we believe that the trial court erred in entering the injunction orders without notice. Daskal v. Daskal, 71 Ill App2d 471, 478, 479, 219 NE2d 4 (1966).

Accordingly, the injunctioin orders entered by the trial court against Schneider and Hillman on November 2nd and 7th are reversed and any writs issued thereunder are dissolved; and the order of the trial court denying said defendants' petition to vacate such orders is likewise reversed.

Orders reversed.

SEIDENFELD and ATTEN, JJ., concur.