BOHN ALUMINUM & BRASS COMPANY, Plaintiff-Appellee, *v.* LEWIS BARKER, President of Local No. 760 of the International Union United Automobile, Aerospace and Agricultural Implement Workers of America, Defendant-Appellant.

(No. 11317;

Fourth District—February 1, 1972.

Katz & Friedman, of Chicago, (Harold A. Katz, Irving M. Friedman and Zenia S. Goodman, of counsel,) for appellant.

Robert L. Gibson, of Massey, Anderson, Gibson & Pearman, of Paris, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

On May 5, 1970, the plaintiff-corporation filed a complaint in the circuit court of Cass County for a temporary injunction, a temporary restraining

order and a permanent injunction. On that date, the circuit court allowed the motion for temporary restraining order without notice and without bond and thereafter denied a motion by the defendant to dissolve it. This appeal is from the action of the court in issuing the temporary restraining order and in denying the motion for its dissolution. The order expired by its own terms on May 19. Notice of appeal was filed May 28 when the order was *functus officio*.

The plaintiff operates a manufacturing plant in Cass County at Beardstown and the defendant is the president of the labor union which represents the employees of that plant. In March 1970, the union members went on strike to obtain a new contract. The strike was a result of a dispute over the terms and conditions of employment. The underlying dispute between the parties has since been settled. Our initial inquiry must be whether or not the order entered by the trial court is an appealable order under any provision of our statutes or rules. We conclude that it is not.

This appeal is taken under Supreme Court Rule 307, Ill. Rev. Stat. 1969, Ch. 110A, par. 307, which relates to interlocutory appeals as of right. The applicable provision of that section reads as follows: "(1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction;  *  *  * ". No attempt was made to appeal under Rule 308 which provides for interlocutory appeals by permission. Rule 308 was not followed, is not before us and accordingly nothing herein said relates to that rule.

The term "temporary restraining order" and the statutory provision governing it appeared in our injunction statute for the first time in 1967 by the addition of par. 3—1 to the statute. Ill. Rev. Stat. 1967, ch. 69, par. 1, *et seq.* Since that time we have had three types of injunctive orders created by statute with rules relating to each, that is, a permanent injunction, a temporary injunction, and a temporary restraining order. Section one of the cited statute grants circuit courts the power to issue writs of injunction. Section three of the statute relates to "preliminary injunctions". Section three-one of the statute relates to temporary restraining orders. The term "restraining order" entered into par. 9 of the same statute in 1967. It was not included in par. 12 of the statute which requires a dissolution of an "injunction" before damages are obtainable under that statute for the wrongful issuance of the injunction. (*House of Vision, Inc. v. Hiyane*, 42 Ill.2d 45, 245 N.E.2d 468.) It is likewise noted that a temporary restraining order is not included in the language of Rule 307 above quoted. It strikes us that plain language of differentiation between these three types of injunction orders was used intentionally, deliberately and

purposefully and no fancy interpretation is required to reach the legislative intention.

■■ It is, of course, true that the words "restrain, refrain, stay and enjoin" may under certain circumstances be used interchangeably or synonymously. (*Wiseman v. Law Research Services, Inc.*, 270 N.E.2d 77; *Valente v. Maida*, 24 Ill.2d 144, 164 N.E.2d 538.) It does not follow, however, that because they may be synonymous that they are or can always be used synonymously. It does not require a careful reading of those cases to clearly indicate that the factual situation there discussed was utterly foreign to a "temporary restraining order". Both orders were patently not brought pursuant to par. 3—1 of our Injunction Act. *Maida* was already decided before this section was born. *Wiseman* did not purport to be under par. 3—1. Both sought to enjoin the prosecution of a particular case until the determination of previous litigation. No other further or additional action was requested or required. If the injunction was granted, its purpose was accomplished. This is far removed from the temporary restraining order which we consider and which requires further and additional action to have any substantive effect and, as pointed out in Valente, when we look to the substance rather than the form of the action, we find that the substance in *Valente* and *Wiseman* was an injunction. The substance of the order which we consider is a temporary restraining order that requires further action on the part of the beneficiary before any satisfactory result on the merits is reached. We think that an examination of the language in our Act will clearly demonstrate just this.

■■ A temporary restraining order under par. 3—1 " * * * shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period". This same section also provides: "In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for hearing the party who obtains the temporary restraining order shall proceed with the application for a preliminary injunction and, if he does not do so, the court shall dissolve the temporary restraining order * * * ". Thus, where there is a temporary restraining order, it is but a preliminary to the hearing on a temporary or preliminary injunction and unless the one who obtains the temporary restraining order proceeds with the application for preliminary injunction, the court shall dissolve the temporary restraining order. The temporary restraining

order may likewise be dissolved by the court after hearing on two days notice to the party who obtained it without notice. A clear reading of these provisions indicates that a temporary restraining order without notice is nothing more than a preliminary order of court and it is the temporary or permanent injunction which is appealable under Rule 307. In concluding that we do not deal with an appealable order in this case, we are aided by the following statement in AmJur 2d, Vol. 42, p. 1153: "While some statutes permit an appeal from an order granting or denying a temporary injunction, a temporary restraining order is to be distinguished from a temporary injunction, and the statute does not furnish the basis for an appeal from an order relating to a temporary restraining order". Also, in 19 ALR3d, p. 409, the following is stated: "An order granting or continuing a temporary restraining order is, on its face, interlocutory in nature, since there remains pending a determination of the applicant's right to temporary or permanent injunctive relief, and the majority of cases in which the point has been discussed support or recognize the rule that ordinarily no appeal lies from an order granting, continuing, or refusing to dissolve a temporary restraining order or its equivalent. Such orders, without more, do not satisfy statutes or rules defining finality for the purpose of appeal; and a number of cases have held that a statutory provision or rule permitting an appeal from an interlocutory order relating to a temporary or permanent injunction has no application to orders dealing with temporary restraining orders".

The very fundamental of appellate review is the desire to resolve a case on the merits. Appeals therefore from interlocutory orders are exceptions to that rule. The statutory addition of the temporary restraining order speaks loudly that its issuance should be unusual, should be for the purpose of maintaining the status quo and places the burden on the one obtaining the order to proceed as expeditiously as possible with a hearing on the merits for a temporary injunction or a permanent injunction. The order entered died by its own specific terms. The statute provides for its early demise. Its short statutory life suggests that it was not intended to be appealable. The time limits set out as a practical matter preclude appeal before demise. Since it is not appealable, then the issuance or the denial of such temporary restraining order without notice and without bond never reaches the merits of a controversy and if injury and damage results from the improvident or improper entry of such an order there is nothing in our statute at the moment which precludes proper relief by way of a suit for damages. In the instant case, the trial court denied a motion to dissolve the temporary restraining order. The determination of whether that restraining order was a valid order remains to be

determined in a different suit on a different day and in a different forum after a hearing on the merits.

Accordingly, this appeal must be and it is hereby dismissed.

Appeal dismissed,

TRAPP, P. J., concurs.

Mr. JUSTICE CRAVEN dissenting:

I do not agree that the issuance of a temporary restraining order by the circuit court and the subsequent refusal to dissolve it is immune from review on appeal. As I see it, such action is reviewable. In *County of Cook v. Ogilvie*, Ill.2d, N.E.2d, Docket No. 44779, the Illinois Supreme Court review and affirmed the issuance of a temporary restraining order. Although the question of reviewability was not specifically discussed, there was review.

I agree with the majority that the issue here is not moot. In a consideration of this case we should deal with it on the basis of the merits and within the purview of the several statutory provisions applicable to injunctions and temporary restraining orders.

Section 2a of ch. 48, Ill. Rev. Stat. 1969, contains that which is referred to as the Illinois Anti-Injunction Statute. That enactment was a declaration by the legislature originally enacted in 1925 with reference to the use of judicial restraints in controversies arising out of or concerning terms or conditions of employment. I view this enactment as a clear policy statement aimed at discouraging judicial intervention in labor matters.

Further, in sec. 3 with reference to the statute on injunctions (par. 3, ch. 69, Ill. Rev. Stat. 1969), it is provided that no court should grant an injunction without previous notice unless it appears from the complaint or affidavit accompanying the application that the rights of the plaintiff will be unduly prejudiced unless the injunction was issued without notice. A 1967 amendment to this section broadened the limits prohibiting the issuance of temporary injunction to provide that such should not be issued unless it clearly appears from specific facts shown by a verified complaint or affidavit that immediate and irreparable injury will result to the applicant before notice.

Also in 1967, sec. 3—1 was added to the injunction statute providing the procedure for and the limitations on the issuance of temporary restraining orders. This statute provides:

"No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that imemdiate and irreparable injury, loss, or damage will result to the applicant before notice can

be served and a hearing had thereon. Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record. In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time * * * "

The temporary restraining order here involved was sought by a motion that purported to be pursuant to this statute and the order entered was in accordance with the procedural aspects of this statute and purports to have been issued in accordance with its terms and provisions.

The complaint and affidavit filed in this case alleges with some specificity certain acts and doings of the defendant, but it is also replete with many conclusions of the pleader. For instance, it is asserted that the defendant and others continued a campaign of intimidation by interferring with ingress and egress by trespassing and damaging plaintiff's property. The asserted irreparable harm relates to a conclusion that unless the defendant is restrained and enjoined, such conduct will continue and will cause great and irreparable damage to the plaintiff. The affidavit in support of the motion does relate several factual incidents. It does not amplify the allegations of the complaint, however, with reference to irreparable damage but merely concludes that the customers of the company must have their finished products and if they don't, the company will suffer damage thereby.

As I view it, it is patent from an examination of the complaint and affidavit that no good reason existed for the issuance of a temporary restraining order without notice. This complaint and motion for the temporary restraining order were filed on May 5. The complained of conduct of the defendant relates to the period commencing on March 4, 1970, and the last specific act complained of occurred on April 27, 1970. We should immediately inquire as to whether there were other acts between April 27 and May 5 that were omitted from the complaint; and if there were none, what justification is there for seeking a temporary restraining order without notice when the last complained of act was April 27 and the *ex parte* order was sought and obtained on May 5. Clearly, there was adequate time and opportunity for notice.

It may be that the conduct of the defendant was such that a temporary restraining order would be justified, and indeed it may be that upon the trial of the issue the plaintiff would have been entitled to the issuance of a temporary injunction or even a permanent injunction. That issue should await a trial on the merits.

The validity of the action of the trial court in issuing a temporary restraining order without notice is not measured by the eventual right of the plaintiff to relief, nor is such *ex parte* action clothed with the presumption of validity. The sole test of the validity of the action of issuing a temporary restraining order without notice and without bond is whether the complaint and the affidavit standing alone established such a clear and compelling necessity for judicial intervention by the extraordinary, indeed drastic, summary writ so as to prevent irreparable damage. I agree with the defendant that notice is so fundamental to our system of jurisprudence that the exercise of judicial authority without notice and without the opportunity to be heard under circumstances where notice is clearly possible, should be a rare circumstance indeed. This case is not such a circumstance.

As noted by the court in *Skarpinski v. Veterans of Foreign Wars* (1951), 343 Ill.App.271, 98 N.E.2d 858, notice is a fundamental requisite to the exercise of judicial power:

"In the most primitive concepts of justice, one of the fundamental requisites for the exercise of judicial authority over the person or property of another is notice. The exceptions to this rule are rare, indeed. They embrace cases where by a stroke of the pen, a movement of the hand, or a tour de force executed overnight the defendant intends to and can destroy the substance of the litigation and thus defeat the power of the court to do justice. * * *

"In the last analysis, to test the necessity for the issuance of an injunction without notice, the court must ask whether in the minutes or hours required to procure a defendant's appearance, defendant could and would do that which would seriously obstruct the court's power to deal justly and effectively with the issue in dispute. * * *"

The statutory provisions above quoted and the numerous cases thereunder indicate a legislative policy precluding temporary restraining orders without notice. The legislative history of these various provisions shows that the judicial authority to issue injunctions and temporary restraining orders has been progressively restricted. Judicial decisions, it seems to me, have been progressively restrictive with reference to judicial actions restraining and enjoining acts and doings of an individual without notice to him. Representative cases are:

*Stenzel v. Yates* (1951), 342 Ill.App. 435 (4th Dist.), 96 N.E.2d 813

*Miollis v. Schneider* (1966), 77 Ill.App.2d 420 (2nd Dist.), 222 N.E. 2d 715

*Schaefer & Schaefer v. Stephens-Adamson Mfg. Co.* (1953), 36 Ill.App.2d 310 (1st Dist.), 183 N.E.2d 575

*Skarpinski v. Veterans of Foreign Wars* (1951), 343 Ill.App. 271 (1st Dist.), 98 N.E.2d 858

*Repco Enterprises, Inc. v. United Autoworkers* (1970), 128 Ill.App. 2d 63, 261 N.E.2d 322 (2nd Dist.)

There are cases of course wherein the issuance of an injunction or temporary restraining order without notice is compelled. Those to which the plaintiff has made reference are for the most part cases decided prior to the 1967 statutory provision limiting the issuance of temporary restraining orders. Finally, it should be noted this labor dispute was in Beardstown, Illinois. The defendant was an employee of and known to the plaintiff. There is no basis in this complaint, nor in the affidavit, nor in the facts pleaded, that would in any way excuse the giving of notice.

The majority immunizes the action of the trial court from direct review because the order entered was a temporary restraining order and not a temporary injunction. Both, of course, are interlocutory orders. Presumably, under the majority opinion the same pleadings and the same affidavit could have produced a writ called a temporary injunction rather than a temporary restraining order and such would have been expressly reviewable under Supreme Court Rule 307. For purposes of review, it seems to me the difference in but pure semantics.

In *Wiseman v. Law Research Service, Inc.*, Ill.App.2d 270 N.E.2d 77, this court acknowledged that substance, not semantics, was the only proper concern in determining appealability. In that case, the trial court was asked to stay a trial and enjoin and restrain the further prosecution of the case. We reviewed under Rule 307 and said:

"* * * It seems to us on further reflection that the denial of this motion was an interlocutory order refusing an injunction and thus within the context of Supreme Court Rule 307, Ill. Rev. Stat. 1969, c. 110A, par. 307, which provides that 'An appeal may be taken to the Appellate Court from an interlocutory order of court (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction; * * *'. Even if defendant had not used the open-sesame-word 'enjoin' to invoke this rule, the words 'stay' and 'restrain' mean about the same and had a 'stay' alone been allowed, its effect would have been to 'enjoin' further proceedings. See Valente v. Maida, 24 Ill. App.2d 144, 164 N.E.2d 538. * * * *"

Finally, the majority opinion appears to me to be erroneous in another respect. It holds there can be no appeal to question the issuance of a

608

temporary restraining order. The majority opinion concludes, however, by inviting collateral attack upon the issuance of such order when it states that if damages result from the improvident issuance, there is nothing that precludes proper relief and then concludes that the determination of whether the restraining order was valid remains to be determined in a different suit, on a different day, and in a different forum, after a hearing on the merits. Such language is a clear invitation to a collateral attack putting into subsequent inquiry the validity of the action, the direct review of which the majority forcloses.

For the reasons expressed, I cannot concur in the action dismissing the appeal. I would reverse the judgment in the circuit court of Cass County.