SANGAMO ELECTRIC COMPANY, Plaintiff-Appellee, *v.* UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA INTERNATIONAL UNION *et al.*, Defendants-Appellants.

Fourth District   No. 13274

Opinion filed October 14, 1976.

Harold A. Katz, Irving M. Friedman, and Stanley Eisenstein, all of Chicago (Katz & Friedman, of counsel), for appellants.

Norman P. Jones, Alfred B. LaBarre, and Dwight H. O'Keefe III, all of Ensel, Jones, Blanchard & LaBarre, of Springfield, for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

This is an interlocutory appeal from the entry of a preliminary injunction against the defendants, who, at the time the injunction was issued, were striking plaintiff's plant. The questions raised on appeal are whether it was improper for the trial court to issue the preliminary injunction without notice and without requiring plaintiff to post a bond. We reverse.

The defendant union went on strike on or about February 17, 1975. Beginning April 16, 1975, picket lines at the Sangamo plant were composed of large numbers of people who prevented clerical and supervisory employees from entering the plant. Unidentified persons in

the picketing crowd threw eggs at a car owned by a Sangamo supervisory employee.

The same situation existed on April 17, 1975. The crowd pushed and shoved those who were attempting to enter the plant and only three persons were able to enter.

A supplemental complaint was filed concerning events on the morning of April 18, 1975. Crowds of picketers beat upon cars attempting to enter the plant, one car was sprayed with paint and another car scratched. Someone in the crowd made a threat to bomb the home of a nonunion employee, and roofing nails were spread about the premises.

On April 18, 1975, plaintiff sought and obtained an ex parte preliminary injunction, prohibiting defendants from intimidating or harrassing any persons trying to enter the plant, prohibiting mass picketing and prohibiting more than one picket at any single entrance to the plant.

■■ A temporary injunction is an extraordinary remedy and extreme and urgent circumstances are necessary before it will be issued without notice. The statute provides:

> "No court or judge shall grant a preliminary injunction without previous notice of the time and place of the application having been given the adverse party unless it clearly appears, from specific facts shown by the verified Complaint or by affidavit accompanying the same, that immediate and irreparable injury, loss or damage will result to the applicant before notice can be served and a hearing had thereon." Ill. Rev. Stat. 1973, ch. 69, par. 3.

The purpose of a temporary or preliminary injunction is not to determine the merits but to maintain the status quo. (*Seay & Thomas, Inc. v. Kerr's, Inc.* (1965), 58 Ill. App. 2d 391, 208 N.E.2d 22.) It has been noted that in strike situations, such as in the case at bar, an injunction may not maintain the status quo but, by hampering defendants' actions, seriously affect the momentum and conduct of the strike. Rendleman, *Toward Due Process in Injunction Procedure*, 1973 U. Ill. L.F. 221, 241-42.

Notice and the opportunity to be heard are at the core of our judicial system. As said in *Skarpinski v. Veterans of Foreign Wars* (1951), 343 Ill. App. 271, 98 N.E.2d 858, 860, the critical question for us to ask is whether, in the minutes or hours necessary for defendant to appear, defendant might do that which would seriously affect the issues in dispute.

In the case at bar, it is apparent from the complaint that the seriousness of the events on the picket line was escalating. However, no facts are alleged which indicate that the situation would be much changed in the few hours it would take to informally notify defendants.

In *General Electric Co. v. Local 997, UAW* (1955), 8 Ill. App. 2d 154,

130 N.E.2d 758, nonunion personnel were in immediate and serious danger from the rock throwing mob of picketers. In the case at bar, according to sworn affidavit testimony, the clerical and supervisory personnel were under orders not to attempt to enter the plant but to go home if there was resistance by the picketers. The order was entered by the judge at 9:35 a.m., on April 18, 1975. By that time the major problems on the picket line for that day would presumably be over. As noted in *Skarpinski*, a telephone call can produce an appearance within minutes. Some notice, however informal, is greatly to be preferred to none at all. No facts appear in the record which would justify entry of the order at 9:35 a.m., without notice, rather than entry some time later that day after notice had been given.

■■ Defendants argue that there was sufficient time to give notice since the record indicates that plaintiffs had been preparing the affidavits and the complaint for two days prior to the filing. Plaintiff cites *Streamwood Home Builders, Inc. v. Brolin* (1960), 25 Ill. App. 2d 39, 165 N.E.2d 531, for the proposition that there is no requirement that notice be given during the preparation of the case. The court in that case specifically noted that defendants were individuals rather than an organized group, and not reachable at any central location. The defendants had no known attorney and notice given so late in that situation would be futile. The situation in the case at bar is far different. Plaintiff was dealing with its own union whose leaders were well known to it. While we are not ready to say that plaintiff must give notice prior to instituting suit, the fact that such was not done certainly is a factor to be considered before issuance of an injunction without notice. Under the circumstances of the case at bar, we hold that notice should have been given.

When an injunction is issued without notice where notice should have been given, this court will reverse without regard to any other question. *Skarpinski*.

Accordingly the order is reversed and the cause remanded to the circuit court of Sangamon County to determine the issue presented by defendants' request in their motion to dissolve the injunction for damages incurred by reason of the improper issuance of the injunction. Ill. Rev. Stat. 1973, ch. 69, par. 12.

Reversed and remanded.

GREEN and REARDON, JJ., concur.