RICHARD LISS, Plaintiff-Appellant, v. BOARD OF FIRE AND POLICE COMMISSIONERS OF THE TOWN OF CICERO, Defendant-Appellee.

First District (5th Division)   No. 84—2981

Opinion filed February 11, 1988.

Vincent Cainkar, of Louis F. Cainkar, Ltd., of Chicago, for appellant.

Steven C. Filipowski, of Cicero, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff Richard Liss filed a complaint against the defendant Cicero Board of Fire and Police Commissioners (the Board). The trial court granted the Board's motion to dismiss Liss' complaint and Liss appeals. The issue on appeal is whether the trial court properly dismissed Liss' complaint.

Liss filed a complaint for a temporary restraining order and damages against the defendant. Liss alleged that on January 17, 1982, the Board announced that it would conduct examinations for Cicero police officers. Liss applied to take the examination but was rejected because he was overweight. Liss maintained the examination notice did not specify weight qualifications and that the only qualifications specified were that the applicant pass a physical examination and an agil-

ity test. Liss also alleged that other overweight individuals were allowed to take the examination. Liss further alleged that the Board breached its duty to conduct a fair and impartial examination when his application to take the examination was rejected on the ground that he was overweight.

On March 17, 1982, the trial court granted Liss' emergency motion for a temporary restraining order. The order enjoined the Board from taking any actions with relation to the Cicero police department examination. The purpose of the temporary restraining order was to maintain the status quo until trial on the merits. (*Sangamo Electric Co. v. United Automobile, Aerospace & Agricultural Implement Workers of America International Union* (1976), 42 Ill. App. 3d 563, 356 N.E.2d 389.) On March 22, 1982, the parties agreed that Liss would take the next written examination for the Cicero police department. Liss was sent formal notice of the date and time to appear for the examination. Liss failed to appear and did not take the examination. Thereafter, on May 14, 1982, the Board filed a motion to dismiss Liss' complaint, and at the hearing of the motion, the trial court ordered that the complaint be dismissed.

■■ ■ A motion to dismiss a complaint admits, for the purpose of ruling thereon, all facts well pleaded in the complaint (*Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 344 N.E.2d 770), and a complaint should not be dismissed unless it clearly appears that no set of facts could be alleged and proved which would entitle the plaintiff to recovery. (*Mileur v. McBride* (1986), 147 Ill. App. 3d 755, 498 N.E.2d 581.) In reviewing the propriety of the trial court's granting of the Board's motion to dismiss Liss' complaint, the record reflects that given the instant facts Liss could not allege or prove that he had any cause of action or was entitled to any damages against the Board. (*Mileur v. McBride* (1986), 147 Ill. App. 3d 755.) We agree with the trial court that Liss' alleged facts did not present grounds upon which there was or could be a cause of action by Liss against the Board. The trial court properly granted the Board's motion to dismiss Liss' amended complaint and we affirm. *Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 645.

Affirmed.

LORENZ, P.J., and SULLIVAN, J., concur.