(No. 17814.—Reversed and remanded.)
MARY L. PILLSBURY, Plaintiff in Error, *vs.* PATRICK H. EARLY, Admr., Defendant in Error.

*Opinion filed February 16, 1927.*

1. RES JUDICATA—*dismissal of bill to enforce parol contract for conveyance is not res judicata of claim for services rendered.* A decree in a chancery suit dismissing for want of equity a bill filed for specific performance of an alleged parol contract for a conveyance in return for services rendered does not constitute a bar to the prosecution of a claim against the estate of the alleged promisor for labor and services as the issues are not the same; nor does the prosecution of the chancery suit constitute an election of remedies so as to operate as an estoppel to a recovery against the estate.

2. SAME—*when former suit is res judicata of fact in issue in a subsequent suit.* Where some specific fact or question has been adjudicated and determined in a former suit and the same fact or question is again put in issue in a subsequent suit by the same parties, the determination in the former suit, if properly presented and relied upon, will be conclusive, as an estoppel by verdict, upon the parties in the subsequent suit, without regard to whether the cause of action in each case is the same.

3. SAME—*what necessary to render former suit a bar to subsequent cause of action.* Where a former adjudication is relied on as an answer and bar to an entire subsequent cause of action it must appear that the things sought to be recovered and the cause of action in both suits are the same and that the former judgment necessarily involved the determination of the same fact to prove or disprove which it is offered in evidence.

4. ADMINISTRATION—*when implied contract is sufficient to sustain a claim for personal services rendered deceased.* Where one who was not of kin to the deceased prosecutes a claim against the estate for services rendered in caring for the deceased and his family in his lifetime, it is not necessary that the claimant prove that the services were rendered under an express contract but recovery may be had upon an implied contract.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

EARL J. WALKER, for plaintiff in error.

JOHN S. HUMMER, (CYRUS HEREN, of counsel,) for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

On May 3, 1920, Mary L. Pillsbury (hereinafter called plaintiff) filed her bill of complaint in the superior court of Cook county for specific performance, wherein she alleged that John Early, now deceased, in 1907 agreed by parol that if she would go and live on his farm, located in Franklin Park, and take care of his elderly parents and himself, the farm would be given to her at his death, and that in addition to the farm she was to receive one-half of the stock and the produce of the farm. She further alleged in her bill that she went to Franklin Park and took care of the parents and of Early until the latter died, in January, 1920; that he died testate and devised the farm to one of his nieces and bequeathed to plaintiff the sum of $2000 and other property. The prayer of the bill was that the parol agreement be specifically performed and the farm conveyed to her. The defendants answered the bill, and admitted that Early in his lifetime owned certain real estate located at Franklin Park; that he died testate, the will having been probated in the probate court of Cook county; that he devised the real estate in Franklin Park to one of his nieces and that he bequeathed $2000 to plaintiff. The answer denied that Early had entered into the parol agreement as plaintiff alleged in her bill. There was a trial of the chancery suit on the merits and a decree entered dismissing the bill for want of equity. From this decree plaintiff prosecuted an appeal to this court, where the decree of the superior court was affirmed. (*Pillsbury v. Reidy,* 304 Ill. 420.) On July 26, 1921, plaintiff filed her claim in the probate court of Cook county against the estate of Early. On a hearing the claim was allowed for

$100. An appeal was taken to the circuit court of Cook county, where there was a trial before a judge and jury, and a verdict and judgment for $7500 were rendered in favor of plaintiff, and the administrator (who will be hereinafter referred to as defendant) appealed to the Appellate Court for the First District, where the judgment of the circuit court was reversed without remanding, and the record is now before this court for review upon *certiorari.*

Plaintiff's claim as filed in the probate court was a blanket claim in the form of the common counts and it was alleged therein, *inter alia,* that John Early, the deceased, at the time of his death was indebted to plaintiff for work done and services performed, and the damages were laid at $15,000. In the Appellate Court a number of points were urged for the reversal of the judgment, but it appears from the opinion of that court that only one of them was considered, which was, that the decree rendered by the superior court of Cook county dismissing the bill for specific performance for want of equity, and the affirmance of that decree by the Supreme Court, were conclusive and a bar to the further prosecution of this claim by plaintiff. This contention was sustained by the Appellate Court, and the judgment of the circuit court was reversed and an order entered remanding the cause to that court for further proceedings in accordance with the views expressed in the opinion of the Appellate Court. Thereafter counsel for plaintiff filed a motion in the Appellate Court to strike out the remanding part of the order of the Appellate Court, for the reason, as he stated, that plaintiff would be unable to produce any other or different evidence upon re-trial of the case and that he desired to present a petition for writ of *certiorari* to this court, and thereupon the Appellate Court entered an order "that the judgment of the circuit court of Cook county must be reversed because the decree in the chancery suit is *res judicata* of the matters involved in the instant case."

The decree in the chancery suit was not *res judicata* as to all of the matters involved in the instant case and did not constitute a bar to the prosecution of plaintiff's claim for labor and services. While the rule is that when some specific fact or question has been adjudicated and determined in a former suit and the same fact or question is again put in issue in a subsequent suit by the same parties, the determination in the former suit, if properly presented and relied upon, will be conclusive upon the parties in the subsequent suit without regard to whether the cause of action in each case is the same, (*Dempster* v. *Lansingh,* 244 Ill. 402,) yet where the former adjudication is relied on as an answer and a bar to the whole cause of action it must appear that the things sought to be recovered and the cause of action in both suits are the same, (*Hanna* v. *Read,* 102 Ill. 596; *Silurian Oil Co.* v. *Neil,* 277 id. 45;) and that the former judgment necessarily involved the determination of the same fact to prove or disprove which it is offered in evidence. (*Wells* v. *Robertson,* 277 Ill. 534.) The issues in the chancery case and in the instant case were not the same. The chancery suit was for the specific performance of an express contract, and to entitle plaintiff to a decree in that suit it was necessary that she prove, among other things, such express contract by clear and convincing proof. Plaintiff was not of kin to the deceased, and in the instant case it was not necessary that she should prove that the services were rendered under an express contract but recovery could be had upon an implied contract as well. (*Heffron* v. *Brown,* 155 Ill. 322; *Switzer* v. *Kee,* 146 id. 577; *Miller* v. *Miller,* 16 id. 296.) Neither did the prosecution of the chancery suit constitute an election of remedies and so operate as an estoppel to a recovery in this suit. (*Fletcher* v. *Osborn,* 282 Ill. 143; *Aldrich* v. *Aldrich,* 287 id. 213.) The Appellate Court reversed the judgment upon an erroneous conclusion

that the action was barred and did not consider the other questions involved in the case.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to reconsider the cause on its merits.

*Reversed and remanded, with directions.*