In the Matter of the Estate of George M. Heyder, Deceased.
Faith M. Toms, Individually and as Guardian, and George M. Heyder, Jr., a Minor, by Faith M. Toms, His Mother and Next Best Friend, Appellants.

Gen. No. 11,833.

Second District.

April 29, 1964.

George Yellen, of Chicago, for appellants.

Edward J. Vertovec, of Elmhurst, for appellee.

SCHEINEMAN, J.

This is an appeal from an order of the Probate Court of DuPage County denying two claims filed against

the Estate of George M. Heyder, deceased. One claim filed by Faith M. Toms as mother and next friend in behalf of her son, George M. Heyder, Jr., claimed the sum of $8,000 on the ground he was the son of the deceased and was entitled to that amount as support and maintenance under the Paternity Act, ch 106¾, Ill Rev Stats. She also filed her own individual claim for $8,000 said to be "under an agreement had between the decedent and this claimant, whereby the decedent promised and agreed to turn over said sum orally to this claimant, on or about the month of October, 1958."

██ The administrator of the estate filed a motion to dismiss both claims on the ground they had been previously adjudicated in the Circuit Court of DuPage County, and that judgment had been affirmed in the Appellate Court, the opinion being reported in 37 Ill App2d 414, 185 NE2d 708. The court sustained the motion and denied both claims.

We have examined the prior case of Toms v. Lohrentz, 37 Ill App2d 414, 185 NE2d 708. It appears that the complaint filed in the Circuit Court contained two counts, count I sought specific performance of an alleged contract to make a will in favor of Mrs. Toms. Count II alleged that the decedent was the putative father of her son and sought to enforce liability for support and maintenance under the provisions of the Paternity Act.

The Appellate Court in that case held that the count seeking support and maintenance under the Paternity Act could not be sustained for the reason that the Paternity Act is not enforceable posthumously. It is clear that the present claim in behalf of the minor child presents the same claims and seeks the same allowance and offers no different issues than those which existed in the prior suit. It follows that the prior case is decisive as to this claim, and the Probate Court correctly denied the claim on the ground of a previous adjudication.

The claim in behalf of Mrs. Toms individu-ally presents a different problem. In her prior suit she sought specific performance of a contract, while in the present case she is seeking only a money judgment.

Where one suit seeks the performance of an act and another a money judgment, the causes of action are not the same. Renner v. Greathouse, 12 Ill App2d 338, 139 NE2d 825; Pillsbury v. Early, 324 Ill 562, 155 NE 475; and 30 Am Jur Judgments, secs 210 and 212.

From the recital of certain evidence contained in the opinion on the prior appeal, it appears that the decedent made certain statements in the presence of witnesses of his testamentary intentions. The court held that specific performance could not be allowed because the contract was not clear, explicit, and convincing, which is required in order to have specific performance of a contract to make a will. Greenwood v. Commercial Nat. Bank of Peoria, 7 Ill2d 436, 130 NE2d 753.

The present claim merely charges an original agreement to turn over the sum of $8,000. It is not clear whether this was a mere promise to make a gift or was in the nature of compensation for services rendered. However, the sufficiency as to the form of the claim was not questioned, and no evidence was heard.

The case of Pillsbury v. Early, 324 Ill 562, 155 NE 475, squarely holds that a suit for specific performance, which was lost because of failure to meet the high degree of proof required, does not bar a subsequent suit for a money judgment.

It is not the province of this court to consider the evidence heard in the prior case, and therefore, this court does not pass upon the possible merit of this claim but holds only that it is a different action, and is not barred by the prior dismissal of a suit for specific performance.

A motion to dismiss this appeal was filed by appellee and taken with the case, but the grounds relied on are the same as those covered by the brief and disposed of by this opinion, so that no separate ruling on the motion is required.

Accordingly, the denial of the claim for support and maintenance is affirmed, and the denial of the claim of Mrs. Toms on the ground it had been previously adjudicated, is reversed, and the cause remanded for further proceedings thereon.

Affirmed in part and reversed in part and remanded.

CARROLL and MORAN, JJ., concur.