DOROTHY GONYO, Plaintiff-Appellant, *v.* EVERETT E. GONYO *et al.*,
Defendants-Appellees.

(No. 71-317;

Second District—February 5, 1973.

Lidschin & Pucin, of Waukegan, for appellant.

Diver, Ridge, Brydges & Bollman, and Bruno W. Stanczak, both of Waukegan, for appellees.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The plaintiff brings this appeal from an order of the circuit court of Lake County, entered August 30, 1971, that dismissed her complaint with a finding that her proper remedy was under section 72 of the Civil Practice Act.

The complaint, filed July 2, 1971, was brought by Dorothy N. Gonyo, in two counts, against her former husband, Everett E. Gonyo, and his business partner, Robert J. Crichton. Count I, founded in law, alleged that the Gonyos were divorced on August 28, 1970, by a decree that incorporated a property settlement agreement dated August 13 but actually signed on August 27. Pursuant to the agreement, a copy of which is attached and made part of her complaint, Everett Gonyo was to pay the plaintiff the sum of $80,000. Of that amount, $40,000 was to be paid at the time the divorce decree was entered and the balance in installments equal to 50% of Gonyo's monthly drawing account from Waukegan Storage and Warehouse Company, a partnership owned by Gonyo and Crichton in equal shares, but in no event less than $325 a month. The agreement provided further that if Gonyo sold his interest in the partnership on an installment basis, the plaintiff would be paid 50% of the installments paid him, to be credited against the balance, but, again, not less than $325 a month.

The complaint goes on to recite that the plaintiff was coerced into signing the property settlement and that she was informed, shortly after December 3, 1970, that her former husband had sold his interest in the partnership to Crichton for $90,000 to be paid in monthly installments of $650 each. She further alleges that those terms do not truthfully set forth the actual consideration received by Gonyo and that he and Crichton "fraudulently and arbitrarily" stated the terms of payment to minimize the amounts to be paid to her. Count I asks for damages in the amount of $50,000.

In Count II, brought in equity, the plaintiff realleges the matters alleged in Count I and asks for an injunction against her former husband and for a reformation of the property settlement agreement.

Everett Gonyo and Crichton both filed motions to dismiss the complaint on the grounds that the matters raised therein were determined by the decree of divorce and an order entered January 15, 1971, in the divorce suit dismissing a subsequent petition brought by the plaintiff and thus barred by the doctrine of *res judicata*. The plaintiff then moved to

strike the motions to dismiss on the grounds that they failed to "set forth any facts or exhibits" to support their contention that the matters raised in the complaint were barred.

The matter was taken under advisement by the trial court and an order entered that stated that the court had considered the pleadings and the matters adjudicated in the divorce proceedings. The court then found, as we have already said, that the plaintiff's proper remedy was under section 72 and that the issues raised had already been decided "in the hearing on the citation for contempt."

■■ In order for a former adjudication to act as an absolute bar to a second action, there must be an identity of parties, of subject matter and of cause of action. (*Hoffman v. Hoffman*, 330 Ill. 413, 417.) However, as pointed out in the *Hoffman* case, a second action, between the same parties but on a different claim or demand, may also be barred where "* * * some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction * * *" under what has been described as the principle of collateral estoppel or estoppel by verdict.

■■ A discussion of both theories is contained in the case of *Kedzierski v. Kedzierski*, 86 Ill.App.2d 264, 229 N.E.2d 919, where the court states as follows, pp. 267-268:

"The burden of establishing the defense under either of the aforementioned principles is upon the party invoking it * * *. [Citations omitted.] The party raising the defense must show with clarity and certainty the parties, the precise issues and the judgment of the former action * * *."

■■ Section 48 of the Civil Practice Act provides that a defendant may file a motion to dismiss an action that is barred by a prior judgment. (Ill. Rev. Stat. 1971, ch. 110, sec. 48(1)(d).) However, the Act provides that if the grounds for dismissal do not appear on the face of the pleading attacked, the motion shall be supported by affidavit.

■■ We agree with the trial court that those portions of the complaint that allege fraud or duress in the execution of the property settlement agreement should properly be presented to the court under section 72 of the Civil Practice Act.

We are unable, however, to determine if the allegations relative to a fraudulent transfer of the partnership assets by Gonyo and Crichton were already adjudicated in a post-decree hearing brought on a contempt citation, and thus barred as *res judicata,* since the record before us does not include anything related to such a citation or hearing. Although the complaint refers copiously to the divorce decree and incorporates the property settlement, it makes no reference whatever to any subsequent

pleadings or hearings. The motions to dismiss, unsupported by any affidavits or other documentation that might be of help, refer only to a "hearing" and an order of dismissal. Although the trial court states that its order is based on its consideration of the matters adjudicated in the earlier action, that statement is of little aid to a court of review.

■■ We are of the opinion that the defendants failed to maintain the burden of establishing the defense of *res judicata* as defined in the *Kedzierski* case and provided in Section 48 of the Civil Practice Act and that the order of dismissal should be reversed and the cause remanded to the trial court for further proceedings.

Reversed and remanded.

GUILD, P. J., and T. MORAN, J., concur.