RAYMOND CONSTRUCTION CO., INC., Claimant-Appellant, *v.* MIDWEST AMERICA DEVELOPMENT, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 78-413

Opinion filed December 13, 1978.

Patrick A. Barton, of Bensenville, for appellant.

Harvey J. Barnett, of Barnett & Beigel, Ltd., of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Raymond Construction Co., Inc., a subcontractor, filed a one-count complaint in the circuit court of Cook County to foreclose a mechanic's lien for labor and materials furnished to rehabilitate two apartment buildings in Chicago. Among the defendants were Midwest America Development, Inc., the general contractor, a bank as land trustee, and Joseph C. Horonitz and John M. Couture, general partners of Pierce Lemoyne Limited Partnership which was sole beneficiary of the land trust. Also joined as defendants were Percy Wilson Mortgage & Finance Corp. as mortgagee, Department of Housing and Urban Development (hereafter referred to as "HUD") and the Federal Housing Administration (hereafter referred to as "FHA") as assignees of the mortgagee. Wilson, HUD, and FHA filed a motion to dismiss the mechanic's lien action, and plaintiff appeals from the trial court's allowance of that motion.

The complaint also was dismissed as to the other defendants, the aforementioned property owners and general contractor. These latter defendants did not file a motion to dismiss the complaint nor have they filed an appearance or an answering brief in this court. Nevertheless, we shall consider the issue as their interests are concerned. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The sole relief sought in plaintiff's complaint was foreclosure of the mechanic's lien. Wilson originally filed an answer to the complaint but obtained leave to withdraw its answer. It then filed a motion to dismiss on behalf of itself, HUD and FHA, alleging that certain proceedings and judgment in the Federal court barred plaintiff's claim under the doctrine of *res judicata.* Attached to the affidavit in support of the motion to dismiss was a copy of a complaint filed by HUD in the Federal District Court for the Northern District of Illinois. The complaint, seeking foreclosure of the mortgage, recited that the United States of America was the owner of the mortgage on the subject property; that defaults existed in the mortgage; and that HUD had a lien prior and superior to any other lien or claim against the property. Plaintiff was served with process but failed to appear in the Federal proceedings. The judgment of foreclosure entered in the Federal court held that $451,000 was owed on the mortgage; that the buildings on the property had been demolished by the City of Chicago; that Raymond Construction Company had been personally served with summons; and "that the rights and interests of all the other parties to this cause, in and to the property hereinafter described are inferior to the liens of the plaintiff." On December 1, 1977, the trial court found that the judgment of foreclosure in the Federal action was *res judicata* as to the plaintiff's lien claim and dismissed the complaint.

Under the doctrine of *res judicata*, a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to all rights of the parties and their privies and operates as an absolute bar to a subsequent cause of action involving the same claim or cause of action. (*Keim v. Kalbfleisch* (1978), 57 Ill. App. 3d 621, 373 N.E.2d 565; *Casson v. Nash* (1977), 54 Ill. App. 3d 783, 370 N.E.2d 564.) The judgment in the first action is conclusive as to all questions which might have been litigated and determined in that action. (*Pierog v. H. F. Karl Contractors, Inc.* (1976), 39 Ill. App. 3d 1057, 351 N.E.2d 249.) A branch of *res judicata*, referred to as estoppel by verdict or collateral estoppel, provides a similar conclusive effect when the same parties or their privies attempt to relitigate the identical issues actually or necessarily decided by a court of competent jurisdiction in an earlier, but different, cause of action. *Riley v. Unknown Owners* (1975), 25 Ill. App. 3d 895, 324 N.E.2d 78.

■■■ In determining whether the prior judgment effectively bars plaintiffs' action here, it is necessary to compare the nature, purpose and allegations of the present cause of action with the proceedings in the Federal court. We shall initially consider the question as it relates to the defendants Wilson, HUD and FHA. Plaintiff's only possible claim against those defendants as mortgagees, and plaintiff's counsel so conceded at oral argument, was to seek priority of its mechanic's lien over the mortgage of Wilson which was assigned to HUD. Since the Federal court specifically determined that HUD's mortgage on the property was superior to all other liens and claims, plaintiff had no further claim against the mortgagees. The priority of claim issue previously decided in Federal court being central to both actions, plaintiff was precluded from again litigating that question in the present cause of action. Where some controlling fact or question material to the determination of both causes had been adjudicated in a previous suit by a Federal court of competent jurisdiction and the same fact or question is again at issue, its adjudication in the first cause will be conclusive of the same question in a subsequent State court action. *People v. Borchers* (1977), 67 Ill. 2d 578, 367 N.E.2d 955.

Plaintiff attempts to avoid the effect of *res judicata* by suggesting that Federal courts do not recognize an enhancement of value to the property doctrine whereby a mechanic's lien may take priority over a mortgage where the value of the properties is enhanced from the labor and materials supplied by a contractor. We believe that regardless of what law was applicable, plaintiff was obliged under the principles of *res judicata* to assert its claims against the mortgagees and to establish the priority of its lien or otherwise be barred from asserting such claims. The trial court correctly dismissed the complaint as to Wilson, HUD and FHA.

■■ With regard to the other defendants, the general contractor and property owners, a different result is warranted. The sole issue between plaintiff and mortgagees was the priority of liens, and that question was specifically determined in the Federal court proceedings. As to the other defendants, the validity of plaintiff's lien must be resolved. And as plaintiff correctly points out, if permitted to file an amended complaint, plaintiff may be entitled to a personal judgment against these defendants. Under these circumstances, we find that the principle of *res judicata* does not apply.

For the reasons stated, the judgment of the circuit court of Cook County dismissing plaintiff's complaint against Percy Wilson, HUD and FHA is affirmed. The judgment in favor of Midwest America Development, Inc., the bank as trustee, and Joseph C. Horonitz and John

M. Couture, general partners of Pierce Lemoyne Limited Partnership, is reversed and, as to those latter defendants, the cause is remanded for further proceedings.

Affirmed in part; reversed and remanded in part.

SIMON, P. J., and JIGANTI, J., concur.