FRED OLSON MOTOR SERVICE *et al.*, Plaintiffs-Appellees, *v.* CONTAINER CORPORATION OF AMERICA *et al.*, Defendants-Appellants.— (CONTAINER CORPORATION OF AMERICA, Defendant and Counterplaintiff-Cross-Appellant, *v.* STOVER BROTHERS TRUCKING CO. *et al.*, Defendants and Counterdefendants-Appellants—(STOVER BROTHERS TRUCKING CO., Counterplaintiff-Appellant, *v.* CONTAINER CORPORATION OF AMERICA, Counterdefendant-Cross-Appellant).)—(FEDERAL INSURANCE COMPANY, Plaintiff-Appellee, *v.* CONTAINER CORPORATION OF AMERICA *et al.*, Defendants-Appellants.)

First District (3rd Division)   No. 77-1504

Opinion filed February 13, 1980.—Rehearing denied March 20, 1980.

Gates W. Clancy, of Geneva (James S. Mills, of counsel), for appellants Stover Brothers Trucking Co. and William D. Paulson.

Maddux, Johnson & Cusack, Ltd., of Chicago (Thomas H. Fegan, of counsel), for appellant Container Corporation of America.

James R. Quinn, of Chicago, for appellees Fred Olson Motor Service, Federal Insurance Co., and Royal Indemnity Insurance.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This consolidated action involves a suit by the subrogees of Fred Olson Motor Service against Stover Brothers Trucking Co., and its driver, William D. Paulson, and Container Corporation for damages to Olson's truck and cargo arising out of a three truck accident. Container filed a counterclaim against Stover-Paulson for damages to its vehicle and for indemnity in the event of Olson's recovery against Container. Stover also filed a counterclaim against Container for its property damage.

The accident in question occurred on March 14, 1972, on Illinois Route 59 near the East-West Tollway. It involved three tractor trailers and their respective drivers: Arthur Butler, driver of the tractor trailer owned by Olson; William D. Paulson, driver of the tank truck owned by Stover; and Daniel Gutkowski, driver of the Container truck. Gutkowski died as the result of injuries sustained in the accident. There were two impacts in the accident: the first involved the Stover and Container vehicles, and the second impact was between the Olson and Container vehicles.

Separate actions were filed against Stover-Paulson. The Gutkowski estate brought a wrongful death action against Stover-Paulson in the circuit court of Cook County. This action resulted in a verdict and then judgment in favor of the Gutkowski estate. In that case, Paulson was not permitted to testify as to his version of the accident by operation of the Dead Man's Act (Ill. Rev. Stat. 1971, ch. 51, par. 2), and the jury found that Paulson was negligent in the operation of the Stover truck. This court affirmed the judgment on appeal. *Gutkowski v. Stover Brothers Trucking Co.* (1976), 42 Ill. App. 3d 257, 355 N.E.2d 761.

Arthur Butler brought suit in the Federal district court against Container, Stover and Paulson for personal injuries sustained in the accident. Butler was granted summary judgment against Stover-Paulson as to Paulson's negligence on collateral estoppel grounds. The district court accepted Butler's argument that Paulson's negligence had been determined in the *Gutkowski* action. The seventh circuit, however, reversed the district court, holding that the collateral estoppel doctrine did not apply because, by operation of the Dead Man's Act, Stover-Paulson did not get a full and fair opportunity to litigate the issue of

negligence. The court ruled that it would be unfair to permit Butler to use the doctrine of collateral estoppel to obtain a better position than he ordinarily would have but for the identity of the parties in the *Gutkowski* action. *Butler v. Stover Bros. Trucking Co.* (7th Cir. 1977), 546 F.2d 544.

In the present case, Container moved for summary judgment against Stover-Paulson urging that their negligence had been determined in the *Gutkowski* action. The trial court granted Container's motion and ordered that Stover-Paulson were collaterally estopped from relitigating the issue of negligence with respect to the initial impact between the Stover and Container vehicles. The grant of summary judgment terminated Stover-Paulson's counterclaim for property damage. It also decided the liability portion of Container's action for property damage against Stover-Paulson, and it allowed Container to be indemnified by Stover-Paulson for any damages Olson might recover from Container. The trial court also granted Container's motion *in limine* to bar Stover-Paulson from making any reference to the initial impact with the Container truck. At the conclusion of the present trial, the jury was instructed liability already had been resolved in favor of Container for damages received from the impact with the Stover-Paulson truck. The jury returned a verdict in favor of Olson against Container, Stover and Paulson. The court denied Stover-Paulson's post-trial motion and entered judgment for Olson in the amount of $17,099. The court subsequently entered an additur to the judgment, and entered judgment in favor of Container against Stover-Paulson.

At the present trial, Arthur Butler testified that he was driving the Olson truck northbound on Route 59. He was approximately 500 feet behind the Stover-Paulson truck. Both trucks were traveling at about 40 miles per hour. Butler saw the southbound Container truck collide with the Stover truck just south of an overpass. The Container truck then came across the southbound lane, crossed the center line and collided with his truck approximately 200 feet south of the initial collision. Butler attempted to move on to the northbound shoulder of the road after witnessing the initial impact and was only partially on the roadway when struck by the Container vehicle. The Olson truck was demolished.

Sam Galante testified by evidence deposition that he was driving a vehicle southbound behind the Container truck. He saw the northbound Stover-Paulson truck swerve into the southbound lane and sideswipe the Container truck. The Container vehicle then veered into the northbound lane and struck the Olson truck. After the initial collision Galante avoided a truck tire in the roadway by driving his vehicle into a ditch, but nevertheless was able to witness the second impact. Galante testified that Butler had tried to move the Olson vehicle onto the shoulder of the roadway before the collision with the Container vehicle. Galante testified

that he saw no flat tire on the Container truck but stated that at an earlier deposition he testified that he had noticed that a front tire was flat.

William Paulson was called by Olson as an adverse witness under section 60 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 60.) As he drove north, he was traveling at 45 miles per hour. He observed nothing unusual about the Container truck before the collision. Paulson testified that the Container truck came into the northbound lane and struck his truck. Paulson pulled his vehicle onto the shoulder of the road and did not witness the impact between the Olson and Container trucks.

State Trooper Dennis Erickson testified that he investigated the accident. When he arrived, he observed the Olson vehicle facing north in the ditch next to the northbound lane and the Container vehicle facing south in the northbound lane. The Stover vehicle was on the shoulder of the road north of the Container vehicle. Paulson told Erickson that the left front of the Container truck lurched as if a tire blew out and then collided with his vehicle. Erickson measured the skid marks of the vehicle and found that all skid marks from the Container vehicle were in the northbound lane. Erickson examined the left front tire of the Container truck and found that the left front tire of the Container truck was cut and the inner tube was protruding from the tire.

Stover-Paulson contend that the grant of summary judgment on the grounds of collateral estoppel denied them the due process right to a full and fair hearing in the present case. They maintain that they were deprived of a full opportunity to litigate the issue of negligence in the *Gutkowski* action because Paulson was not permitted to testify about the accident by operation of the Dead Man's Act. Ill. Rev. Stat. 1971, ch. 51, par. 2.

■■ Estoppel by verdict, or collateral estoppel, operates as an absolute bar in a subsequent cause of action when the same parties or their privies attempt to relitigate the identical issues actually or necessarily decided by a court of competent jurisdiction in an earlier, but different cause of action. (*Kramer v. Chicago Title & Trust Co.* (1979), 69 Ill. App. 3d 1015, 387 N.E.2d 1105; *Raymond Construction Co. v. Midwest America Development, Inc.* (1978), 67 Ill. App. 3d 332, 384 N.E.2d 907.) Generally, collateral estoppel will apply where (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) a final judgment has been rendered on the merits, and (3) the party against whom the estoppel is asserted is a party or in privity with a party to the prior adjudication. (*Kramer v. Chicago Title & Tr. Co.; Riley v. Unknown Owners* (1975), 25 Ill. App. 3d 895, 324 N.E.2d 78.) Before the doctrine can apply in any case, however, the court must first determine whether the party against whom the estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. (*Blonder-Tongue*

*Laboratories, Inc. v. University of Illinois Foundation* (1971), 402 U.S. 313, 28 L. Ed. 2d 788, 91 S. Ct. 1434; *Cramer v. General Telephone & Electronics Corp.* (3d Cir. 1978), 582 F.2d 259; *Bernhard v. Bank of America National Trust & Savings Association* (1942), 19 Cal. 2d 807, 122 P.2d 892.) Collateral estoppel will not be applied unless it appears that the party against whom the estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and that application of the doctrine will not result in an injustice to the party against whom it is asserted under the circumstances of the case. (*Oldham v. Pritchett* (8th Cir. 1979), 599 F.2d 274; *Johnson v. United States* (5th Cir. 1978), 576 F.2d 606; *Kaiser Industrial Corp. v. Jones & Laughlin Steel Corp.* (3d Cir. 1975), 515 F.2d 964.) Collateral estoppel is not a rigid doctrine and should be applied only as fairness and justice require under the circumstances of each case. (*Bruszewski v. United States* (3d Cir. 1950), 181 F.2d 419; *Willis v. Fournier* (M.D. Ga. 1976), 418 F. Supp. 265; *La Salle National Bank v. City of Chicago* (1977), 54 Ill. App. 3d 944, 369 N.E.2d 1363.) In order to show that a prior adjudication is not binding for want of essential evidence or testimony, the litigant against whom collateral estoppel is asserted must show that the additional evidence was crucial to a proper resolution in the first action and that he bore no responsibility for the absence of the testimony or evidence in the prior adjudication. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*; *Kaiser Industrial Corp. v. Jones & Laughlin Steel Corp.*

The meaning of a full and fair opportunity to be heard is dependent upon whether Stover-Paulson were denied a procedural, substantive or evidentiary opportunity to be heard on the issue of Paulson's negligence. Paulson was not permitted to testify in the first action because of the proper operation of the Dead Man's Act. Thus it is obvious that Paulson was not responsible for the absence of the testimony in the *Gutkowski* action. Paulson made an offer of proof which revealed that Paulson would have testified that the initial impact resulted after the Container truck had a blowout of the left front tire which caused it to veer to the northbound lane and strike the Stover-Paulson vehicle. Stover-Paulson have demonstrated that they were unable to introduce evidence regarding the issue of their negligence in the earlier action. We believe that in the present trial Stover-Paulson were subjected to conditions which in fact deprived them of full and fair opportunity to litigate the issues involved. See *Butler v. Stover Bros. Trucking Co.* (7th Cir. 1977), 546 F.2d 544.

The doctrine of collateral estoppel was used "offensively" to preclude Stover-Paulson from relitigating the issue of liability in the initial impact between Stover-Paulson and Container. The offensive use of collateral estoppel principles requires a close examination of the circumstances to ascertain that the defendant in fact had a full and fair

opportunity to litigate. (*Johnson v. United States* (5th Cir. 1978), 576 F.2d 606.) We recognize that Container, not Olson, sought summary judgment on the basis of collateral estoppel, but since the liability of Stover-Paulson to both Olson and Container can derive solely from responsibility for the initial impact, we believe that the use of the *Gutkowski* action as *res judicata* subjected Stover-Paulson to trial under unfair conditions. Indeed, the jury was informed that Stover-Paulson's liability to Container for the initial impact already had been determined. Stover-Paulson were not permitted to fully present evidence demonstrating the cause of the initial impact, and we believe the use of the Dead Man's Act to limit Paulson's testimony created a fundamental unfairness in the present case.

■■ We do not believe that Officer Erickson's recital of his conversation with Paulson as to the cause of the accident overcame the fundamental unfairness to Stover-Paulson. The officer's testimony does not rectify the lack of eyewitness testimony from Paulson concerning the facts of the first impact. The grant of summary judgment and of the motion *in limine* was improper. We believe that Stover-Paulson are entitled to a new trial on Olson's complaint and that the actions between Stover-Paulson and Container also must be remanded for a new trial.

Container seeks an order from this court entering judgment for it notwithstanding the verdict in favor of Olson and against Container. Container argues in the alternative that if the judgment for Olson against Stover-Paulson is reversed and remanded for a new trial, the judgment against Container should also be remanded for a new trial. Olson counters that Container has waived its right to such relief because its post-trial motion asserted no error nor sought any relief as to Olson's judgment against Container.

■■ We believe, however, that it would be manifestly unfair not to permit Container to argue its manifest weight of the evidence issue. Container had not requested a new trial because the trial court judgment resulted in it being indemnified by Stover. The issue Container raises is a question which was brought to the trial court's attention during the trial since Container presented a motion for a directed verdict. Where a litigant has argued on appeal that a judgment was against the manifest weight of the evidence without preserving such grounds in a post-trial motion, the appeal will not be summarily dismissed if the issue had been considered at trial. *Wolter v. Chicago Melrose Park Associates* (1979), 68 Ill. App. 3d 1011, 386 N.E.2d 495.

We therefore consider Container's argument that the judgment in favor of Olson and against Container is against the manifest weight of the evidence.

■■ To be against the manifest weight of the evidence, it must appear that when taking all the evidence in a light most favorable to the

opponents, the conclusions reached by the jury are palpably erroneous and wholly unwarranted. (*Harris v. City of Granite City* (1977), 52 Ill. App. 3d 782, 365 N.E.2d 1034; *Stringer v. McHugh* (1975), 31 Ill. App. 3d 720, 334 N.E.2d 311.) The evidence in the present case was sufficient for the jury to find Container negligent. The jury heard the testimony of Paulson that the Container vehicle crossed the center line and struck his vehicle and also heard the officer's testimony concerning the statement he received from Paulson. The jury heard the evidence and could view the witnesses. We cannot say that the verdict in favor of Olson and against Container is against the manifest weight of the evidence.

In sum, we find that Olson's judgment against Container was not against the manifest weight of the evidence. We further find that the grant of summary judgment against · Stover-Paulson was improper. We therefore hold that Stover-Paulson are entitled to a new trial in the action brought by Olson. And since the summary judgment in favor of Container prior to trial determined that Stover-Paulson could not recover its property damages from Container, that Container was entitled to recover property damages from Stover-Paulson, and that Stover-Paulson would indemnify Container if the latter was liable to Olson, these matters must be remanded for trial.

Accordingly, the judgment of the circuit court of Cook County in favor of Olson and against Container is affirmed. The judgment in favor of Olson against Stover-Paulson is reversed and remanded, and the other actions between Container and Stover-Paulson are also remanded for trial.

Affirmed in part; reversed and remanded in part.

McGILLICUDDY, P. J., and RIZZI, J., concur.