**Milton John McLELLAN, et al., Plaintiffs,**

v.

**COLUMBUS I–70 WEST AUTO–TRUCK-STOP, INC., et al., Defendants.**

**No. 77 C 2585.**

United States District Court, N. D. Illinois, E. D.

Nov. 17, 1981.

William J. Oberts of Clausen, Miller, Gorman, Caffrey & Witous, Chicago, Ill., for third-party plaintiff.

Richard I. Bass, Chicago, Ill., for plaintiffs.

John W. Bell of Maddux, Johnson & Cusack, Ltd., Chicago, Ill., for third-party defendant.

## MEMORANDUM OPINION

GRADY, District Judge.

This is a diversity action in which the plaintiffs seek to recover damages for personal injuries and property damage from defendants on theories of negligence, product liability and breach of warranty. The action arises out of an accident involving a tractor which was pulling a semi-trailer. The accident was allegedly caused by a defective wheel assembly. One defendant, Reliable Truck Parts, Inc. ("Reliable"), filed a motion for summary judgment which was granted on the specific ground that "it did not sell the defective wheel so it cannot be held liable on a theory of products liability, negligence or breach of warranty." Memorandum Opinion, p. 5 (McGarr, J., filed March 7, 1980). Thereafter, another defendant, Columbus I–70 West Auto-Truckstop, Inc. ("Columbus"), filed a motion for summary judgment which was denied on December 22, 1980. On February 23, 1981, Columbus filed a third-party complaint against the dismissed defendant Reliable, claiming that it was responsible for selling the allegedly defective wheel and that it is liable to Columbus on an indemnity theory. Reliable moves to dismiss the third-party complaint on the ground of collateral estoppel. They contend that the Memorandum Opinion of March 7, 1980, acts as a bar to the third-party complaint.

Columbus argues that parties to a judgment are not bound by it in a subsequent third-party action unless they were adversaries in the action in which the judgment was entered. They state that since they were co-defendants with Reliable and were advancing the same contentions, they were non-adversaries. Under Illinois law, parties do not have to be on opposite sides for collateral estoppel to apply. *Diamond*

*Shamrock Corp. v. Lumbermens Mutual Casualty Co.*, 416 F.2d 707, 710 (7th Cir. 1969); *Stangle v. Chicago R.I. & P.R. Co.*, 295 F.2d 789 (7th Cir. 1961); *Rose v. Dolejs*, 7 Ill.App.2d 267, 129 N.E.2d 281 (2nd Dist. 1955) (judgment was conclusive between co-defendants; estopped from again litigating issue against his prior co-defendant). Co-defendants who merely advance the same contentions can be adversaries. This is especially true when the case involves product liability and breach of warranty theories against those defendants. *See Provident Tradesmens B. & T. Co. v. Lumbermens Mutual Casualty Co.*, 411 F.2d 88, 93 (3rd Cir. 1969) (evaluate "the practical realities which surround the parties" in applying collateral estoppel).

 Columbus argues that since it did not resist the efforts of Reliable to obtain summary judgment, it is not conclusive against them in this action. Issues created by formal cross-pleadings do not have to exist for collateral estoppel to apply. *Stangle v. Chicago R.I. & P.R. Co.*, 295 F.2d 789, 790–791 (7th Cir. 1961). It is too late for Columbus to urge now, after the motion was granted more than one year ago, that its decision not to contest Reliable's motion should be viewed as non-adversarial or in fairness disregarded. As a co-defendant, Columbus had adequate opportunity to contest the original summary judgment motion. *Karon v. E. H. Marhoeffer, Jr. Co.*, 14 Ill.App.3d 274, 302 N.E.2d 478, 481 (1st Dist. 1973).

Columbus contends that newly discovered evidence was unavailable at the time Reliable's motion for summary judgment was granted. Specifically, Columbus refers to the affidavit of one of the plaintiffs, Arthur G. Hurst. A party against whom collateral estoppel is asserted has the burden of demonstrating that newly discovered evidence was essential to a proper decision in the prior action and that he was in no way responsible for the lack of such evidence in the prior action. *Fred Olson Motor Service v. Container Corp. of America*, 81 Ill.App.3d 825, 37 Ill.Dec. 5, 9, 401 N.E.2d 1098, 1102 (1st Dist. 1980). At all times prior to the ruling on the summary judgment motion, Columbus had the opportunity to depose or propound interrogatories to the plaintiff Hurst. Its failure to conduct that discovery and to oppose Reliable's summary judgment motion is not a basis for allowing Columbus to re-litigate the very issue decided in the summary judgment. Collateral estoppel is a device to prevent such re-litigation. *LaSalle Nat'l Bank v. Fitzgerald*, 15 Ill.App.3d 1016, 305 N.E.2d 355 (1st Dist. 1973).

For these reasons, the motion of third-party defendant Reliable to dismiss is granted.