THERON REDFERN, Plaintiff-Appellant, *v.* MARIAN SULLIVAN, Indiv. and as Ex'r of the William Paul Sullivan Estate, *et al.*, Defendants-Appellees.

Fourth District   No. 4—82—0336

Opinion filed December 23, 1982.—Modified on denial of rehearing February 4, 1983.

Paul E. Bender, of Cordis and Bender, of Princeville, for appellant.

James McLaughlin, of McLaughlin and Florini, of Sullivan, and Richard F. Record, Jr., and Gregory C. Ray, both of Craig and Craig, of Mattoon, for appellees.

JUSTICE MILLS delivered the opinion of the court:

We deal here with *res judicata*, injunctive relief, and possession to farmland.

It's a mixed bag: affirmed in part and reversed in part.

But first—the procedural facts.

Redfern brought an action seeking injunctive relief or, in the alternative, damages for breach of an oral lease of certain farmland. He alleged that defendants are the owners of a tract of farmland and that he is in possession of this tract. He alleged that W. Paul Sullivan, acting as agent for the defendants, entered into an oral lease of this farmland with him. He agreed to provide machinery, equipment, and labor for the purpose of farming defendants' land. The defendants agreed to pay him according to a schedule of rates published annually in *The Prairie Farmer*. The term of the lease ran from March 1 to February 28 and had been reaffirmed each year for a period of several years.

W. Paul Sullivan died in November 1981. In January 1982, plaintiff was notified by letter that defendants had decided to terminate the "relationship." Based upon these allegations, plaintiff, in counts I and II of his amended complaint, sought injunctive relief to restrain defendants from taking possession of the land or otherwise breach the lease. In counts III and IV, plaintiff realleged the same basic facts but requested damages.

Defendants moved to dismiss the amended complaint. They argued that plaintiff failed to allege that his remedy at law was inadequate or that he would be irreparably harmed if the injunction were not granted. Defendants further contended that the facts set forth in plaintiff's complaint failed to establish that a landlord-tenant relationship existed between the parties.

The trial court entered an order on May 11, 1982, dismissing counts I and II of plaintiff's amended complaint with prejudice. The trial court also dismissed counts III and IV with prejudice as to defendants McLaughlin & Hargis, Inc., and Thomas Hargis while granting plaintiff leave to amend counts III and IV as to the remaining defendants. The trial court also held that plaintiff had no right of possession in the property in question. A finding pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) was made by the trial court.

Plaintiff appealed from the entry of the order dismissing counts I and II. While that portion of the case was on appeal, plaintiff filed a "second amended complaint" pursuant to the leave granted by the trial court in its order of May 11. The "second amended complaint" contained one count seeking money damages for the alleged breach of

the farm lease. Defendants moved to dismiss and the trial court dismissed the "second amended complaint" with prejudice on July 9, 1982. No appeal has been taken from that order.

## MOTION TO DISMISS

Defendants then filed a motion to dismiss this appeal—which we have taken with the case—on the ground that it had become moot because of the actions of the trial court subsequent to the filing of the notice of appeal. Defendants argue that the allegations of counts I and II of plaintiff's amended complaint and the allegations contained in plaintiff's "second amended complaint" are substantially the same and arise from a common nucleus of facts. They contend that the dismissal with prejudice of plaintiff's "second amended complaint" was a conclusive determination of the facts and issues presented in that complaint. Therefore, defendants argue, since the claims are based upon a common nucleus of facts and arise from the same transaction, the *res judicata* effect of the later dismissal has caused this appeal to become moot.

## RES JUDICATA

*Res judicata* is a doctrine which reflects the public policy favoring finality in litigation and judicial economy. (*Smith v. Bishop* (1962), 26 Ill. 2d 434, 187 N.E.2d 217.) The doctrine of *res judicata* is divided into two branches: estoppel by judgment, sometimes referred to as *res judicata*, and estoppel by verdict, also known as *collateral estoppel. Hassett Storage Warehouse, Inc. v. Board of Election Commissioners* (1979), 69 Ill. App. 3d 972, 387 N.E.2d 785.

■ Estoppel by judgment (*res judicata*) provides that a valid judgment in a previous action between the parties bars a subsequent action between those parties on the same claim or cause of action. The doctrine applies not only to those issues which were actually raised in the first proceeding, but also to any issues which might have been raised in that proceeding. (*Kahler v. Don E. Williams Co.* (1978), 59 Ill. App. 3d 716, 375 N.E.2d 1034.) Where estoppel by verdict (or *collateral estoppel*) is applied, the parties are precluded from relitigating an issue in a subsequent proceeding where that issue was actually or necessarily decided by a court of competent jurisdiction in an earlier proceeding involving the same parties and a different cause of action. *Smith v. Bishop; Fred Olson Motor Service v. Container Corp.* (1980), 81 Ill. App. 3d 825, 401 N.E.2d 1098; see also *Illinois State Chamber of Commerce v. Pollution Control Board* (1979), 78 Ill. 2d 1, 398 N.E.2d 9 (only party against whom the estoppel is asserted

must have been a party, or privy of a party, involved in the prior proceeding).

■ Under the doctrine of estoppel by judgment, a final judgment may be asserted in bar of a second action where the parties and the cause of action are identical. (*City of Hickory Hills v. Village of Bridgeview* (1977), 67 Ill. 2d 399, 367 N.E.2d 1305.) In the case at bar, the parties on appeal were the parties involved in the subsequent proceedings. Thus, the key question to be answered is whether the causes of action involved are identical. (See 23A Ill. L. & Prac. *Judgments* sec. 331 (1979).) Causes of action are identical where the evidence necessary to sustain a second verdict would sustain the first, *i.e.*, where the causes of action are based upon a common core of operative facts. *Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 421 N.E.2d 278; *Village of Northbrook v. County of Cook* (1980), 88 Ill. App. 3d 745, 410 N.E.2d 925; *Pierog v. H. F. Karl Contractors, Inc.* (1976), 39 Ill. App. 3d 1057, 351 N.E.2d 249.

■ Here, counts I and II are based upon a different cause of action than that underlying the "second amended complaint"; the same evidence would not sustain both verdicts. Counts I and II seek injunctive relief against dispossession by the defendants. In order to obtain a favorable verdict on these counts, plaintiff would have to show: that his possessory rights were violated; that his legal remedies were inadequate; and that he will suffer irreparable injury if injunctive relief is not granted. (*Kaplan v. Kaplan* (1981), 98 Ill. App. 3d 136, 423 N.E.2d 1253.) In order to obtain damages under the theory advanced in his "second amended complaint," plaintiff would need to show: that he had a contractual right to farm the land; that defendants breached the contract; and that plaintiff suffered damages as a result of the breach.

In an analogous situation, our courts have held that a judgment in a prior action for specific performance does not bar a subsequent action for damages. *Pillsbury v. Early* (1927), 324 Ill. 562, 155 N.E. 475; *In re Estate of Heyder* (1964), 48 Ill. App. 2d 119, 198 N.E.2d 350.

■ The doctrine of estoppel by verdict likewise is inapplicable to the case at bar. An adjudication of a controlling fact or issue between the parties collaterally estops those parties from relitigating that fact or issue in a second suit. (23A Ill. L. & Prac. *Judgments* sec. 361 (1979).) The fact or matter must have been in issue and actually determined. (*Morris v. Union Oil Co.; Raymond Construction Co. v. Midwest America Development, Inc.* (1978), 67 Ill. App. 3d 332, 384 N.E.2d 907.) The issue must have necessarily been decided by the

court and if any uncertainty exists, the doctrine will not be applied. *Lange v. Coca-Cola Bottling Co. of Chicago, Inc.* (1969), 44 Ill. 2d 73, 254 N.E.2d 468; *Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831.

■ The question of plaintiff's right to possession of the farmland was not necessarily determined by the trial court's order dismissing the "second amended complaint." In that particular count, plaintiff was seeking damages; the court may have dismissed the count because plaintiff failed to allege damages properly. The trial court's order does not specify why the "complaint" was found to be inadequate. To speculate that the dismissal was grounded upon a determination that plaintiff had no right to possession of the subject property would remove from the party asserting the defense of *res judicata* the burden of showing what was determined by the prior judgment with certainty and clarity. (*Gale v. Transamerica Corp.* (1978), 65 Ill. App. 3d 553, 382 N.E.2d 412; *Gonyo v. Gonyo* (1973), 9 Ill. App. 3d 672, 292 N.E.2d 591.) Defendants have failed to meet this burden and therefore have not shown that the doctrine of estoppel by verdict is applicable here.

Thus, defendants have failed to show that either estoppel by judgment or estoppel by verdict is applicable to the case before us. The subsequent order of the trial court did not cause this appeal to become moot, and the motion to dismiss the appeal is hereby denied.

### INJUNCTION

The trial court dismissed with prejudice counts I and II of plaintiff's complaint. In these counts, plaintiff sought to enjoin the defendants from taking possession of the farmland or otherwise acting to breach the lease. Plaintiff contends that the trial court erred in dismissing these counts for failure to state a cause of action.

■ Whether a court of equity will assume jurisdiction in a particular case depends on the facts set forth in the complaint. (*Ames v. Schlaeger* (1944), 386 Ill. 160, 53 N.E.2d 937.) An injunction is an extraordinary remedy to be granted only when the right to such relief is clearly established. (*Betts v. Department of Revenue* (1979), 78 Ill. App. 3d 102, 396 N.E.2d 1150.) The complaint must clearly set forth facts which entitle plaintiff to an injunction. (*Parkway Bank & Trust Co. v. City of Darien* (1976), 43 Ill. App. 3d 400, 357 N.E.2d 211; *Miollis v. Schneider* (1966), 77 Ill. App. 2d 420, 222 N.E.2d 715.) Plaintiff must allege facts that establish that plaintiff's legal remedies are inadequate and that he will suffer irreparable injury unless an injunction issues. *Abel v. Flesher* (1921), 296 Ill. 604, 130 N.E.2d 353;

*Allstate Amusement Co. of Illinois, Inc. v. Pasinato* (1981), 96 Ill. App. 3d 306, 421 N.E.2d 374; *Larkin v. Howlett* (1974), 19 Ill. App. 3d 343, 311 N.E.2d 367.

In his amended complaint, plaintiff outlined the arrangement he had with W. Paul Sullivan. In paragraph 11 of the amended complaint, plaintiff stated, "That plaintiff cannot adequately determine his damages at this time due to the fact that his costs are undetermined." Plaintiff contends that the quoted language is sufficient to establish that his legal remedies are inadequate. We disagree. The allegation is conclusory and uncertain, stating that damages cannot be determined "at this time" because "plaintiff's costs are undetermined." No facts are alleged in support of these two conclusions. Furthermore, plaintiff's complaint does not contain any facts which establish that plaintiff will suffer irreparable injury unless injunctive relief is granted.

A complaint must allege all the facts necessary to entitle plaintiff to a grant of injunctive relief. (See *Stokes v. Riley* (1887), 121 Ill. 166, 11 N.E. 877.) Plaintiff has failed to plead two necessary elements in his complaint: inadequacy of legal remedy and irreparable injury. Therefore, his complaint does not state a cause of action entitling him to injunctive relief. The trial court acted properly in dismissing counts I and II of plaintiff's complaint.

## POSSESSION

Plaintiff also contends that the trial court erred in holding that he was not entitled to possession of the subject property. He argues that the question of possession should have been determined in proceedings under the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1979, ch. 57, par. 1 *et seq.*).

Plaintiff cites *City of Chicago v. Airline Canteen Service, Inc.* (1978), 64 Ill. App. 3d 417, 380 N.E.2d 1106, as support for his position. *Airline Canteen* involved an agreement between the city of Chicago and Airline Canteen whereby the city agreed to "demise and lease" certain areas of O'Hare Airport terminal to Canteen for use in connection with concession sales. The city later alleged that Canteen had breached its agreement. Canteen filed a motion seeking a preliminary injunction to prohibit city officials from hindering or obstructing its operation. The trial court denied Canteen's motion and found that Canteen had breached the agreement. The trial court held that the city could re-enter and take possession of the premises and transfer possession from Canteen to a new concessionaire.

On appeal, the first district held that the trial court should have

granted Canteen's motion for a preliminary injunction. The court found that the trial court had abused its discretion by granting affirmative relief to the city when the city had not requested such relief. The court also stated that a "fair question" existed as to Canteen's right to injunctive relief against eviction by the city.

The city argued that the agreement between the parties was a license, not a lease, and that it was terminable at the will of the city. Therefore, the city contended, the provisions of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1979, ch. 57, par. 1 *et seq.*) were inapplicable. The first district rejected this argument. The court found that the parties treated the agreement as a lease, using such phrases as "lessor," "lessee," and "estate." The court held that the question of whether the agreement was a lease or license should have been decided after a full hearing on the merits of the question.

Finally, the city argued that the trial court's order granted the same relief as an order granted under chapter 57 and should therefore be affirmed. The appellate court rejected this argument as well, stating:

> "As a last resort, the City argues that the order of the trial court, which established an orderly transition from Airline Canteen to Elsons, was the equivalent of the order it would have obtained in a proceeding under the Forcible Entry and Detainer Act. We disagree. Under the Forcible Entry and Detainer Act, the burden of proof rests on the party asserting its right to possession. (19 Ill. L. & Prac. *Forcible Entry and Detainer* §9, at 526 (1956).) Under the circumstances of this case, it was necessary that Airline Canteen sue for an injunction to prevent its forcible eviction. Under the Forcible Entry and Detainer Act, the foremost issue to be determined would be the City's right to possession. (See *Bielzoff Products Co. v. Beam Distilling Co.* (1st Dist. 1954), 3 Ill. App. 2d 530, 533, 123 N.E.2d 135; *Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 359, 280 N.E.2d 208; and *Peoria Housing Authority v. Sanders* (1973), 54 Ill. 2d 478, 298 N.E.2d 173.) By requiring Airline Canteen to seek an injunction, many other issues are raised, principally those concerning its right to equitable relief, which cloud the main issue and prevent an expeditious determination of the right to possession. The procedure employed here is clearly not that contemplated by either the Injunction Act or the Forcible Entry and Detainer Act. The report of proceedings in this case is a vivid example of the cumbersome nature of this mode of procedure." 64 Ill. App. 3d 417, 434-35, 380 N.E.2d

1106, 1119-20.

██ Several similarities exist between the facts underlying the case at bar and the facts presented in *Airline Canteen*. *First,* the trial court granted defendants affirmative relief, *i.e.,* a finding that plaintiff had no right to possession of the property, despite the fact that the defendants did not request such relief in their motion to dismiss. *Second,* since the trial court granted possession to the defendants, the trial court must have decided that the oral agreement between plaintiff and W. Paul Sullivan was not a lease of the property in question. Whether an agreement is a lease of real property or a license is a question of the intent of the parties. (*Jackson Park Yacht Club v. Department of Local Government Affairs* (1981), 93 Ill. App. 3d 542, 417 N.E.2d 1039.) No evidence was heard on this issue; the trial court decided the question based on information contained in the pleadings. *Finally,* plaintiff sought injunctive relief against interference by the defendants with his possession of the subject property. The trial court dismissed his complaint for an injunction and determined that plaintiff had no possessory rights in the property. In the case at bar, no evidence was heard on the issue of possession and, as stated earlier, neither parties' prayer for relief sought an order granting them possession of the property.

We find the decision of the first district in *Airline Canteen* to be persuasive and hold that it should control the result in the case at bar. The question of who is entitled to possession of the subject property should have been decided after a full hearing on the merits, not pursuant to a motion to dismiss. The trial court erred in holding that plaintiff had no right to possession in the subject property. Therefore, we reverse the trial court on the question of possession.

The judgment of the circuit court of Moultrie County is affirmed in part and reversed in part.

Motion to dismiss denied.

Affirmed in part and reversed in part.

WEBBER, P.J., and GREEN, J., concur.