WAYNE ROGERS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*
(OMC-Galesburg, Appellee).

Third District (Industrial Commission Division)   No. 3—90—0211WC

Opinion filed May 14, 1991.

838

Ronald Henson, of Barash, Stoerzbach & Henson, of Galesburg, for appellant.

Thomas W. Gifford, of Gifford, Detuno & Gifford, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant appeals from an order of the Industrial Commission (Commission) which found it lacked jurisdiction to adjudicate claimant's application for adjustment of claim because of the existence of a prior approved lump-sum settlement agreement. Claimant contends the prior settlement does not bar his current application because he seeks benefits for a different injury than that covered by the settlement agreement. We disagree and affirm.

On June 24, 1982, claimant suffered a crushing injury to the ring and little fingers of his left hand in a drill press accident. Reconstructive surgery was performed in January 1983. At its conclusion, the circulation did not return to claimant's fingers. To relieve this condition, a stellate ganglion block was administered on claimant's left side in his neck. This procedure restarted the circulation in claimant's fingers which, over the course of time, healed well considering the injuries they sustained. However, within a short day following the administration of the nerve block, claimant began experiencing pain and tightness in his left shoulder and upper arm. He remained under medical treatment through July 1983 exclusively for problems with his left shoulder and arm. By July 1983 his hand injuries had resolved themselves. In October 1983, claimant traveled to Iowa City, Iowa, for treatment by a neurologist for his shoulder. Claimant's shoulder problems did not, however, improve.

Claimant began discussing settlement with respondent in July 1984. A tentative agreement was signed by claimant and a representative from respondent in August 1984. Claimant agreed to accept $23,144.50 in one lump sum for 35% permanent partial disability to his left arm. In return, claimant waived all other rights under sections 8(a) and 19(h) of the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, pars. 138.8(a), 138.19(h)). Specifically, claimant waived the right to submit the case to arbitration and to have that decision submitted to the Commission for review, the right to any further medical treatment for the results of this incident at his employer's expense, and the right to additional benefits if his condition worsened as a result of the incident.

The settlement contract which was approved by the Commission on September 5, 1984, however, was altered by an unknown party by interlineation. Instead of an award for claimant's left arm, the word "arm" was scratched out and the word "hand" was handwritten in its place. The percentage of disability was modified as well from "35%" to a handwritten "25%." The total dollar amount of the award was not changed.

In February 1986, claimant filed the present application for adjustment of claim for injuries to his left shoulder arising from the 1982 drill press accident. Before the arbitrator, over objection, claimant testified, in an offer of proof, that prior to the Commission's approval of the 1984 settlement agreement he received a telephone call from an individual identifying himself as Commissioner Black. Black asked claimant if he was satisfied with the agreement and claimant told Black his hand had "healed up fine" although he was still having problems with his left shoulder. Black allegedly told claimant that he had seen cases like this before and claimant would have trouble in the future. Claimant testified, "[h]e [Black] says we better settle just for the hand by itself. And I said fine, whatever you say." Hearsay objections to this testimony were sustained.

After hearing, the arbitrator concluded the Commission lacked jurisdiction to adjudicate the claim because of the existence of the prior settlement agreement and lump-sum payment. The Commission affirmed the arbitrator, and the circuit court confirmed the Commission.

On appeal, claimant contends neither *res judicata* nor collateral estoppel bars him from seeking benefits for his shoulder condition. Claimant argues that because one can recover for multiple injuries to different portions of the body arising out of a single incident, and because the settlement agreement, as approved, only refers to injuries

to claimant's hand, the settlement does not operate to bar his current claim for a shoulder injury.

Respondent counters that it is obvious the parties were negotiating over all of claimant's disability arising out of the drill press injury at the time the 1984 agreement was reached. Claimant's shoulder condition at that time was clearly related to his hand injury and, but for the shoulder injury, claimant would have returned to work much sooner than he did because his hand healed rapidly following surgery. In support, respondent points to the fact that, as negotiated, the settlement agreement referred to an injury to claimant's arm. Had the injury been limited to claimant's fingers, there would have been no reason to describe the injured member as an "arm." In addition, for the better part of a year following surgery, claimant was being treated exclusively for his shoulder condition, which arose as a result of the nerve block and which continued to prevent him from returning to work even after his hand had healed.

Respondent concedes that the agreement, as approved, was altered to reflect that the injured member was the claimant's left "hand" rather than his "arm" and that the percentage of disability was reduced although the dollar amount of the award remained constant. However, respondent argues that this modification of the agreement is not controlling in view of the facts known at the time of settlement and the specific rights which claimant waived. Claimant contends that because the settlement agreement refers only to an injury to claimant's hand (which, he argues, cannot rationally be thought to include his shoulder), he can now maintain a separate action for his shoulder condition.

■ Claimant does not dispute that he was aware of his shoulder problem and its direct relationship to his finger injuries at the time of the settlement negotiations. The fact that the parties originally agreed to settle for a 35% loss of the use of an "arm" supports respondent's claim that the parties were including, rather than excluding, claimant's shoulder in the agreement. In addition, the settlement agreement specifically states in boldface type that claimant was giving up the right to any future medical treatment for the results of this incident. This, coupled with the explicit waiver of rights under section 19(h), which concerns the right to establish an increase or diminution in disability, supports the conclusion that the settlement agreement was intended to cover all disability of whatever sort which arose out of the drill press injury irrespective of the enumerated injury described in the settlement.

■■ ■ Under a theory of collateral estoppel, parties are precluded from relitigating an issue in a subsequent proceeding that was actually or necessarily decided in an earlier proceeding involving the same parties and a different cause of action. (*Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 421 N.E.2d 278.) Under *res judicata*, a second adjudication is barred where there is a previous decision on the merits and identity of the parties, subject matter, and cause of action. (*Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 444 N.E.2d 205.) Even if different theories of recovery are sought, where the same facts are essential to the maintenance of either proceeding, and the same evidence is needed to sustain both, identity between the causes of action exists and *res judicata* bars the later action. *Neuberg v. Michael Reese Hospital & Medical Center* (1983), 118 Ill. App. 3d 93, 454 N.E.2d 684.

■■ In the present case, *res judicata* clearly applies. Even if one accepts claimant's argument that his hand and shoulder injuries are separate "claims" for which recovery could be sought, it is just as clear that both related injuries existed at the time of the settlement negotiations and the same facts and evidence were necessary to sustain an award for either injury. Finally, the settlement agreement specifically speaks of waiving additional benefits for any future disability flowing from this incident rather than particular injuries.

■■ Claimant's argument that it is significant that the agreement, as negotiated, was altered before it was accepted by the Commission is without substance. In the first instance, the alteration was made by someone other than the parties to the contract and, thus, it can have no bearing on the parties' intent at the time the contract was executed. Second, claimant's argument leads to an anomalous interpretation of the statute. If his shoulder problem had first surfaced *after* settlement, the agreement and section 19(h) would clearly bar any attempt by claimant to seek an increase in the amount of the award for this subsequent manifestation of injury. It is illogical to permit an additional award for a condition which arose *before* settlement, which the parties were aware of, and which they negotiated over prior to settlement, simply because the settlement agreement is not as explicit as it might have been.

■■ Claimant's final argument is that the arbitrator improperly rejected claimant's testimony as to what Commissioner Black allegedly told him over the telephone prior to approving the settlement. Claimant contends what Black told claimant was not hearsay because it corroborated the written settlement contract to show that the award was limited only to the disabilities to claimant's left hand. This

argument is without merit. To the extent that it corroborates the argument that the settlement was so limited, it would be necessary to believe the contents of the statement and, therefore, the truth of what purportedly was being told to claimant by Black. The testimony was hearsay and properly refused.

We do not reach the question of under what circumstances, if any, parties may join in a lump-sum settlement agreement and yet reserve for a later date consideration of additional related matters or injuries. We conclude, on this record, that the prior settlement agreement clearly was intended to cover all of claimant's disability arising from the drill press accident and, as such, it precluded claimant from subsequently pursuing an additional claim for his continuing shoulder condition.

Accordingly, the judgment of the Knox County circuit court is affirmed.

Affirmed.

McNAMARA, WOODWARD, STOUDER, and LEWIS, JJ., concur.